Rumie, Judge.
 

 The general rule of evidence is, that the declarations of one person cannot be heard against another. Ho who offers them must bring the case within some established exception. Commonly, the declara-rations of a deceased occupier of land, made while he occupied, as to the particular person under whom he held, are evidence to show the tenancy. They 'are miited from nec ess if y. And it is deemed safe to admit hem, because they are against 1i>e inferes! oí the person
 
 *8
 
 making them, since f.hey subject 'him to tlie action of tlie land loi’d-for the rent, and for the. recovery of the possession, which is, by the declaration, qualified from a
 
 prima fade
 
 seisin in fee to a tenancy of á particular es-tato. But declarations of one who had occupied land, mac'e after he had left it, do not stand on the same ground. No case is found, in which they have been ad-niitted
 
 ;
 
 and it would be against principle to admit them.-jSTor
 
 ¿0
 
 j
 
 ¡¡
 
 ({ a case jn vvhich they have been received v .. r "while the tenant, was living. I do not say, that m sucii cage aro 110j; admissible; hut I do not see any authority for it. And I incline to think they are not $ because, while the person himself can he called, there is no necessity for the
 
 hearsay;
 
 and necessity alone seems to justify such evidence, in this case, however, the other objection is- decisive. For not only does the plaintiff fail to show the death of
 
 James Pickett $
 
 hut he also" fails to show, as far as stated in the case, that the declarations were made while he occupied. ’ It is to be presumed that they were not j. because it is stated only, that they were made after the execution sale, and that the ground of rejection was, that they were not made in the presence of the defendant: in which case, they would have been evidence, not as the declarations of
 
 James,
 
 hut as the admissions of
 
 Henry.
 
 If, in fact,
 
 James
 
 was dead at the trial, and the declarations were made by him, while in possession of the land, it is much to be regretted, that the plaintiff did not have those- facts inserted in the case. They would have raised the question debated here — whether they could have been heaz’d against James’ own previous deed to his son, and his occupation under him. But we cannot enter into that; because, at present, we must take it, that those declarations were not competent upon the general principle.
 

 put this rale has Mec^ssllis tlC"and does not apply is alive,or where the declarations were made alter tlie tenancy liad ceased.-
 

 Upon
 
 the point made on the Judge’s charge, the state-meats of the. case, az.’e more defective, even, than on that
 
 *9
 
 ?elating to the evidence. It sets forth, that
 
 u
 
 the Be-fondant contended, that if Ms deed was fraudulent, be liad been in possession unclcr.it for more than seven years, and liad thereby rendered his title valid.5? But it does not give
 
 fhe fads.
 
 It does not state the period of the purchase by the lessor1 of the plaintiff, or of the execution of the deed to him t nor the period of tlie defendant’s purchase, and of bis possession., , The appellant must state, or cause to be stated the facts, on which the question is raised, in the derision of which he assigns the error of the court below. Without the facts, the opinions of the court aásume the character of mere abstract propositions
 
 ;
 
 and however erroneous, -since they cannot be Connected with the rights of the parties, . a . verdict, "winch settles those, rights upon the merits, ought not to be disturbed. We cannot reverse a judgment, because it does not appear to be right upon the merits. ■ It must be affirmed, unless it appear to be wrong. It is tlie province of the party to set down his case and exceptions truly, or to procure them to be set down by- the Judge, It is but common charity — not to say, justice — to the Judge, to affirm that he will state or permit tobe stated «very'fact, consistent with the truth, which the parties deem material to the point of the exception. Certainly a revising court is confined to the
 
 fads stated;
 
 and can no more imply others, than it can presume those set forth not to be true, Where there are no facts stated, .there can be no error found, as having been committed at the trial. For then the facts are to be taken as alleged in the pleadings, and found in the verdict; so that the only error open for discussion here would be one assigned in arrest of judgment.
 

 In the present case, therefore, the judgment must be affirmed ; because from the case stated, enough .does not appeal’ to enable this court to determine, whether the •opinion of the Superior Court — which, taken in reference to one probable state-of-the facts, is deemed right, — is
 
 *10
 
 erroneous, because the fact, not appealing, was otherwise. The furthest we can go is, to take the fact to bo
 
 '
 
 as assumed by the presiding Judge in the opinion given: wj-;jc], js always very unsatisfactory, because it is often difficult, and is so here, to determine what the assumption is.
 

 of^cntiy16 ofha creditor accrues, deed is void to al*a'Pst P°him aS whether offered lourof title* C°"
 

 , niter a sálc by the creditor, lfr?ue Poss?sf01) oi the fraudulent vendee be ad-chaser°hisfírau-dulent deed then of title,eandmay,JC be perfected by
 

 The court first instructs the jury, that altho’ the deed to the defendant was fraudulent, yet if he had been in possession seven years under it, they ought to find for him. Now whether this be true or not, depends upon the fact, whether the defendant’s possession was before or after the sale by the creditor ; and that does not ap--pear, or at least, very indistinctly and by implication. It is the opinion of this court, that a fraudulent deed is v°fej to
 
 all
 
 purposes, as against a
 
 creditor;
 
 and will no more bar him, as color of title, than as a conveyance.— The possession of a fraudulent grantee cannot he set up aSa*ns^ the creditor defrauded. If it could, the period employed in establishing the debt might render it, when est‘tlMished, of no value. Until a sale by the creditor, there is no right or title to the thing fraudulently conveyed ; there is no right of entry into or of action for the thing. Before such right accrues, the statute does not run.
 
 Peterson v. Williamson (ante
 
 2
 
 vol.
 
 326). It may be here, that the possession of the defendant ivas in part, or even wholly before the sale to the lessor of the plaintiff. But if it was, it does not appear; and the judgment cannot be reversed upon the ground, that, possi-blv, it ivas erroneous.
 

 Indeed, from the succeeding instruction, wc suppose it probable that the possession was after the lessor of the
 
 x x
 
 pi amt ill’s purchase. That instruction is, that from the ^ine °*" ^1C purchase, the possession of the defendant was adverse to the lessor of the plaintiff; whence it may inferred, that
 
 such
 
 an adverse possession was the one-contemplated by tbe court. And the opinion of this court is, that upon'that state of tac1;s, the instruction
 
 *11
 
 was right. For the reasons given bj the Chief-Justice, in
 
 Davidson
 
 v.
 
 Frew,
 
 at thus term, the sheriff’s' deed relates, for the purchaser’s benefit, to the sale. By pa-inty of reasoning it is so, when that relation operates against Mm. In both instances, the effect flows from the nature of a power or authority, and interests derived from the execution of them.
 
 Lord Mansfield
 
 has said,
 
 J 7
 
 long ago, that since powers of appointment, or revocation and appointment, have been commonly inserted deeds, and the execution of them a commou mode of as-suránce, the power must be regarded as the estate, within the statute of limitation.1;. Were it not so, tbe statute miglit as well be repealed j for it would be evaded, simply by creating a power. I do not mean, that the power must be executed within seven years at all events. For the possession, for instance, of a grantee in a deed, which reserves a power to the grantor, or coiifci’s one on a third person, or the possession, of the heir at law, where a power to sell is given by will, is consistent with the power, raid not adverse to it. But where the possession is in one claiming against the power, and also adversely to the estate upon which the power is to operate, the power will be barred, as well as the right itself. For when the estate is gone, the power becomes, necessarily, extinct.
 

 .
 
 A
 
 power over an estate, is ra-inand a possession ad-the statute of li-m<Tpower.bar
 

 In to' if a pur-, riff>s saie neg-t0 take a years, a posses-sl“l with colour to the title con- ^ the purchaser “uUon ^
 

 In precise analogy with this, is the case of a purchaser at a sheriff’s sale. The sheriff can convey ately alter the sale 5 and if the purchaser will delay taking his deed, it is his own folly. It is whether the sheriff’s deed operates by way of passing a titlo that was in himself, or byway of executing an authority to pass that title which was in the debtor. The title is
 
 somewhere;
 
 and be it where it may, the possession of another, under a distinct title, is adverse to it. There is nothing left, upon which the authority, vested in the sheriff, can work. Against the creditor, it is true, that no length of time will be a bar j because he has no specific right in the
 
 thing;
 
 and because it would be an obstruction to the statutes against fraudulent con-
 
 *12
 
 veyanccs. It is likewise truc, that the purchaser has noé-a legal title» until lie gets a deed. But he lias an inchoate right by his purchase, which is the' principal ingredient 0f jiis title
 
 ¡
 
 and
 
 he
 
 has a perfect right to call foF a conveyance, which the sheriff hath power' to make
 
 p
 
 which will complete the title.
 
 No
 
 reason of policy or justice authorizes a delay in perfecting his title to the specific thing purchased. But tlte peace of society, the security of titles, and every other consideration which induces the enactment of statutes of repose, demand, that he should complete and enforce Ms title, within the’ time prescribed for other legal proprietors.
 

 Supposing this to be the real case here, the judgment is affirmed, because it- is approved by this court. If the fact be otherwise, it must likewise be affirmed, because' enough is not- stated to exhibit the error.
 

 Pro, Cuksam. — Jubgment aeíTRMEBv