E. H. MORRIS, Adm'r of ELIZA H. FOWLER, dec'd, v. THOMAS A. OSBORNE and CATHERINE OSBORNE.

*Insanity — Endorsement — Presumption — Payment — Judge's Charge.*

1. An endorsement by the maker of a promissory note, "January 26, 1884. Renewed. T. A. Asborne," is sufficient to rebut the presumption of payment, if he had capacity to understand the nature and consequences of his acts.

104—39

2. While it is not erroneous to instruct the jury, that one whose mental capacity is drawn in question, must be shown to know the nature and consequences of his act to render it valid, it is safer to follow well established and approved rules as criterions of capacity to contract.

3. A sane man is presumed to intend the natural, immediate and inevitable results of his acts.

This is an ACTION which was tried at May Term, 1889, of IREDELL Superior Court, *Brown, J.,* presiding.

The bond sued upon was executed in 1867, and was payable on demand.

It was admitted that the presumption of payment had arisen, and it devolved upon the plaintiff to rebut it. For this purpose he relied upon the following entry on the back of the bond: " January 26, 1884. Renewed. T. A. Osborne." It was in evidence that the signature to said entry was in the handwriting of T. A. Osborne, the defendant's intestate, but that the remainder of the said entry was in the handwriting of his son. There was testimony tending to show that the intestate was mentally incapable to make such written acknowledgment. The issues pertinent to the exceptions were as follows:

3. " On said date did said Osborne have sufficient mental capacity to make such written acknowledgment ? "

4. " Has the plaintiff rebutted the presumption of payment which has arisen against said bond ? "

His Honor charged the jury as follows:

" If the jury believe, from the evidence, that the intestate, Thos. A. Osborne, had capacity to know what he was doing, and the consequences of his act, and to understand such consequences, and that he signed the endorsement on the note, intending and meaning to signify and acknowledge that the debt had not been paid, the jury should answer the third and fourth issues, Yes."

The Court further charged, "that the words on the back of the note signed by the intestate, are sufficient to rebut the presumption of payment if the jury believe said Osborne had understanding sufficient to know their meaning, import and consequences, and intended and meant to acknowledge that the said note had not been paid; otherwise, they should answer them No. That the burden of proof is on the defendants to satisfy you that the said Thos. A. Osborne had not mental capacity to make alleged acknowledgment, for the defendants, alleging incapacity, must prove it by a preponderance of evidence.

" If the jury should find the third issue No, then they should answer the fourth issue No, because there is no evidence to rebut the presumption of payment, except the entry or endorsement and signature on the back of the note."

There was a verdict for plaintiff, and from the judgment thereon defendant appealed.

The error assigned is, that the word "renewed" was, in itself, sufficient to rebut the presumption of payment, and that its effect should not have been qualified by submitting to the jury the intent with which it was used.

*Messrs. D. M. Furches* and *T. B. Bailey*, for the plaintiff.
*Mr. F. C. Robbins*, for the defendants.

AVERY, J.—after stating the facts: His Honor told the jury that if "Thos. A. Osborne had capacity to know what he was doing, and the consequences of his act, and that he signed the endorsement on the note, *intending* and *meaning* to signify and acknowledge that the debt had not been paid," they would find that the presumption of payment had been rebutted.

A sane person is presumed in law to intend the natural and necessary consequences of his own acts. 5 Am. & En. Cy., 753, and authorities cited.   It was conceded, on the argument, that it was not erroneous to instruct the jury, as a rule for testing

mental capacity, that the person whose act is drawn in question, must, in order to maintain the validity of it, be shown to know what he is doing, and the *consequences of his act*, or that he must be capable, in this case, of understanding the meaning and import of the endorsement on the note signed by him. If Osborne knew what he was doing, and the consequences of his act, it would 'follow inevitably that he understood when he signed the endorsement, "Renewed. January 26, 1884," that he was acknowledging that he had not paid the note, and that his obligation to pay was still subsisting, and further, that, comprehending this, he must have *meant, or intended to signify*, that the debt had not been paid. This is but another method of defining the measure of mental capacity sufficient to qualify a person to make a valid contract. While it is not safe, or advisable, to attempt to frame formulas that are synonymous with rules repeatedly approved by the Courts as criterions of capacity to contract, we see nothing erroneous, or calculated to mislead the jury, in the language objected to in this case, when considered in connection with the testimony and other portions of the charge. We do not intend to approve this direction as adapted to every case involving mental capacity to contract.

The law does not demand that a person shall have unusual culture or capacity to qualify him to make a valid will, but that he shall know the "nature and character of the property disposed of, who are the objects of his bounty, and how he is disposing of the property among the objects of his bounty." *Bost* v. *Bost*, 87 N. C., 477.

It would not be erroneous, in speaking of a testator, to say that he must have intended, or meant, that one of his children should have certain stocks, another bonds, and a third land, according to the provisions of the will, after his death. If he knew what he was doing, he knew that this would be the necessary result of making such a will, and he meant

to signify his intent that such natural consequences should grow out of the act. So, when Thos. Osborne signed the endorsement, "Renewed, January 26, 1884," if he knew what he was doing, he did it to show, or acknowledge, that the debt evidenced by the note was still due and unpaid. The power to bind one's self by an agreement cannot be made to depend upon ability to foresee the remote consequences of an act, but a sane man must intend the natural, immediate and inevitable results that follow and grow out of his acts.

There is no error.                              Affirmed.