MRS. C. JAMES, Administratrix of W. A. James v. THE WESTERN NORTH CAROLINA RAILROAD COMPANY.

(DEFENDANT'S APPEAL.)

*Action for Damages—Pleading Counter-Claim—Issues— Exceptions.*

1. Though no counter-claim is pleaded the Court can order a reply to be filed to any defence set up in the answer or may allow it to be filed as a matter of discretion.

2. An exception to issues submitted or for failure to submit issues tendered can not be sustained where those submitted properly arose upon the pleadings.

3. An exception to the refusal of a prayer to instruct the jury that there is no evidence will not be considered in this Court where the case on appeal does not set out the evidence itself or contain a statement that there was no evidence, the presumption being that the trial Judge charged the jury correctly upon the evidence adduced on the trial.

This is the defendant's appeal in the case between the same parties, the plaintiff's appeal in which is reported *ante* on page 523. Defendant excepted to the permission granted to the plaintiff to file a reply to the answer which did not contain a counter-claim, also to the issues submitted. On the trial the defendant requested his Honor to instruct the jury that there was no evidence upon which the plaintiff could recover, but its case on appeal does not set out the evidence or contain the statement that there was no evidence.

*Messrs. Lee S. Overman, A. C. Avery* and *Long & Long,* for plaintiff.

*Messrs. Charles Price, G. F. Bason* and *F. H. Busbee,* for defendant (appellant).

CLARK, J.: The first exception is without merit. Though no counter-claim is pleaded, the Court can order a reply to be filed to matters of defence set up in the answer (*Code,* Sections 248, 277, *Fitzgerald* v. *Shelton,* 95 N. C., 519) and of course it can permit such reply to be filed as a matter of discretion.

The issues were those which properly arose upon the pleadings and the second exception can not be sustained.

The third exception is for refusal to grant several prayers for instructions that "there was no evidence," and that "according to the evidence" and the like. The defendant as appellant made out its statement of the "case on appeal" and the appellee accepted the same. When this is the fact, the Judge has nothing to do with the settling the case on appeal. In the case made out by the appellant, there is nothing whatever by which this Court can see that there was error in refusing the instructions asked. It is not sufficient that error is alleged, but it must appear that there was error, and unless the record or the case on appeal sets out matter from which the appellate Court can see that there was error, the presumption in favor of the correctness of the proceedings below universally obtains. Had the "case on appeal" set out the evidence on which the prayers "according to the evidence, &c.," were predicated, the Court could have passed upon the question whether there was error or not, but the appellant has not seen fit to put the evidence in the case, and we cannot presume error in the Judge. Had the appellant, in making up its statement of the case as to the matters on which it asked the Court to charge that

James *v.* Railroad.

"there was no evidence," set out all the evidence in the case or even upon that point, or stated as a fact that there was no evidence on that point, and this had been accepted by the appellee or on disagreement been so stated by the Judge, we could see whether or not there was insufficient evidence or no evidence.    But, in the absence of the evidence or a statement that there was none, we can not presume there was none, and that the Judge charged the jury on a point when there was no evidence to support it.    The presumption is the other way, unless it is affirmatively made to appear that there was no evidence.    This has been held upon a very similar state of facts in *State* v. *Wilson,* at this Term and in many previous cases, among them, *Williams* v. *Whiting,* 92 N. C., 683, and *Walker* v. *Scott,* 106 N. C., 56.

In the absence of the evidence itself or of a statement that there was no evidence, a prayer to instruct the jury that there is none is without anything to support it in this Court, and the Judge below is presumed to have charged the jury correctly upon the evidence which was before him, but which the appellant did not think it worth his while to send up to us.    If he had done so, we might still have approved his Honor's ruling.    Certainly, the appellant is in no better condition by failing to do so, and it was not incumbent upon the appellee to fill up a *hiatus* in the appellant's case. If the appellant had any ground to complain of the charge, it has itself to blame for not presenting the case with the care an appeal is entitled to receive.

No error.