### STATE v. JOE RAY.

#### (Filed 11 October, 1950.)

**Criminal Law § 78e (1)—**

> Where the evidence upon which the charge is based does not appear of record, excerpts from the charge cannot be held for prejudicial or reversible error unless inherently and patently so.

APPEAL by defendant from *Burgwyn, Special Judge,* February Term, 1950, of JOHNSTON.

Criminal prosecution on indictment charging the defendant with the murder of one Haywood Williams.

Verdict: Guilty of manslaughter with recommendation of mercy.

Judgment: Imprisonment in the State's Prison for a term of not less than 8 nor more than 17 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Canaday & Canaday for defendant.*

STACY, C. J. All that appears in this case is the record proper, the Judge's charge and the defendant's assignments of error. The transcript is devoid of any evidence offered at the trial or taken on the hearing. The exceptions are addressed exclusively to portions of the charge.

Even if some of the instructions, standing alone, should be regarded as erroneous, they could not be declared prejudicial or hurtful, unless inherently and patently so, in the absence of the evidence upon which they were based or to which they speak. 24 C.J.S. 733; *Pickett v. Pickett,* 14 N.C. 6; *S. v. Wilson,* 121 N.C. 650, 28 S.E. 416.

In *Pickett v. Pickett, supra*—First Syllabus—it is said: "In an appeal to the Supreme Court, if the case stated does not contain *the facts* to which the charge of the judge was applied, however erroneous the charge itself may be, as an abstract proposition, still the judgment must be affirmed. A judgment is not reversed because it does not appear to be right; it must be affirmed unless it appear to be wrong."

We find no sufficient cause to disturb the result of the trial. The verdict and judgment will be upheld.

No error.