CINDY McDEVITT, VIANA RAMSEY, ROBBIE NORTON, CORA GOSNELL, ROLLA BULLMAN, JAY CHANDLER, JOE CHANDLER, INEZ CHANDLER, MABEL CHANDLER, SADIE CHANDLER, CORA LEE CUTSHALL, OMA B. HILLIARD, PATTERSON BULLMAN, HARLEY BULLMAN, ROBBIE BULLMAN, BERLIE B. CUTSHALL, FAYE B. THOMAS, WILLIAM CHANDLER, STARLING CHANDLER, BENJAMIN CHANDLER, RUTH C. RAY, HUBERT CHANDLER, MARION CHANDLER, ROSA C. BULLMAN, ELMER DAVIS, VIAN D. DOCKERY AND ANDREW CHANDLER, v. DEWEY CHANDLER AND PATTERSON CHANDLER.

(Filed 23 March, 1955.)

**1. Judgments § 33a—**

A judgment of compulsory nonsuit or dismissal not involving the merits of the case is not a bar to a subsequent action.

**2. Same—**

Where after plea of sole seizin in a partition proceeding, the proceeding is nonsuited for matters not involving the merits, the judgment will not bar a subsequent action between the parties to cancel a deed as being a cloud on title.

**3. Deeds § 2a (2)—**

Whether a grantor has sufficient mental capacity to execute a deed is not a question of fact, but is a conclusion which the law draws from certain facts as a premise, such as whether the grantor understood the nature and consequences of his act in making the deed, whether he knew what land he was disposing of and to whom, etc.

**4. Same: Evidence § 47—**

In this action to set aside a deed for want of mental capacity in the grantor, a new trial is awarded for comments made and testimony elicited by the presiding judge which had the effect of permitting the witnesses to testify that grantor did not have sufficient mental capacity to execute the

deed rather than limiting the testimony to the facts from which the law might draw the inference of mental incapacity.

Barnhill, C. J., and Devin, J., took no part in the consideration or decision of this case.

Appeal by defendants from *Whitmire, Special Judge,* and a jury, at October Term, 1954, of Madison.

Civil action to set aside a deed made by Aldenas Chandler, widow of D. F. Chandler, to two of her sons, Patterson Chandler and Dewey Chandler, conveying lands located in Madison County.

The deed is dated 3 March, 1950. It was acknowledged and filed for registration the next day. Aldenas Chandler died intestate the following 6 February, 1951. Thereafter her other children and heirs at law instituted this action against Patterson and Dewey Chandler, asking that the deed be set aside upon allegations of mental incapacity and undue influence.

The defendants by answer denied the material allegations of the complaint and set up as *res judicata* a former judgment in a proceeding for the partition of the *locus in quo,* to which the defendants and most of the plaintiffs herein were parties. The partition proceeding was instituted 21 March, 1950, during the lifetime of Aldenas Chandler, apparently on the erroneous theory that the land was owned in fee by D. F. Chandler at the time of his death. In the former proceeding the defendants herein denied petitioners' allegations of title and pleaded sole seizin. At the trial of the former proceeding, when the petitioners had put on their evidence and rested their case, the defendants' motion for judgment as of nonsuit was allowed and judgment was entered in accordance with the ruling.

When the instant case came on for trial the court, after consideration of the judgment roll in the former proceeding, concluded as a matter of law that the judgment as of nonsuit was not a bar to the instant action and resolved the plea of *res judicata* against the defendants. To this ruling and to others made during the course of the trial relating to the exclusion of evidence bearing on the plea of *res judicata,* the defendants excepted. The instant case was submitted to the jury on these issues, which were answered as indicated:

"1. Was Aldenas Chandler mentally incompetent on March 3, 1950, to execute the paper writing purporting to be a deed from her to the defendants Dewey Chandler and Patterson Chandler, as alleged in the Complaint? Answer: Yes.

"2. Was the execution of the said paper writing procured by the undue influence of Dewey Chandler and Patterson Chandler, as alleged in the Complaint? Answer: No."

McDevitt v. Chandler.

From judgment entered on the verdict, declaring the deed a nullity and setting it aside, the defendants appeal, assigning errors.

*Calvin R. Edney for plaintiffs, appellees.*
*A. E. Leake and Charles E. Mashburn for defendants, appellants.*

Johnson, J.   The court below properly ruled that the judgment in the former proceeding is no bar to the instant action.   The general rule is that a judgment rendered on any ground not involving the merits of the action may not be used as a basis for the operation of the doctrine of *res judicata*.   *Steele v. Beaty,* 215 N.C. 680, 2 S.E. 2d 854; 30 Am. Jur., Judgments, section 208; 50 C.J.S., Judgments, section 626.   See also *Gaither Corporation v. Skinner, ante,* 532.   And the rule is well established that a judgment of compulsory nonsuit or dismissal not involving the merits of the case is not a bar to a subsequent action.   *Bradshaw v. Bank,* 172 N.C. 632, 634, 90 S.E. 789, 790; *Batson v. Laundry Co.,* 206 N.C. 371, 174 S.E. 90; 17 Am. Jur., Dismissal and Discontinuance, sections 77, 78, and 79; 50 C.J.S., Judgments, section 632.   The judgment of compulsory nonsuit entered in the partition proceeding was no more than a decision that as a matter of law the petitioners had not produced evidence sufficient to sustain the cause of action alleged.   It decided nothing on the merits.   Hence it is no bar to the instant action to set aside the deed.   *Bradshaw v. Bank, supra; Steele v. Beaty, supra.*

By another group of exceptions brought forward the defendants urge that the presiding Judge propounded questions and made comments of a prejudicial nature while the plaintiffs were offering their evidence.   It suffices to review three exceptions in this group:

1. *Exception No. 22.*—The plaintiff Viana Ramsey testified on direct examination that in her opinion Aldenas Chandler "did not have sufficient mental capacity on 3 March (1950) to know and understand what property she had, what she wanted to do with it, and the legal effect of a deed."   On redirect examination the witness was further interrogated as follows: "Q. Did your mother ever make any statement in regard to the paternity of any of your sisters, and, if she did, is that part of the facts you base your opinion as to her mental capacity?"   Objection; no ruling.   "Q. Is that statement she made, if she made a statement, is that statement part of the facts that you base your opinion on her mental incapacity?"   Objection; overruled.   "A. Well, she was at my house and she denied Cora and Cindy of being my daddy's children; she said they didn't belong to my daddy."   Motion to strike.   Thereupon the court propounded the following question, to which Exception No. 22 relates: "Is that a part of what she said upon which you base your opinion that she didn't have the mental capacity to make a deed?   A. Yes, she didn't have."

2. *Exception No. 24.*—Plaintiffs' witness Nell Ramsey testified on direct examination: "It's my opinion that she did not have sufficient mental capacity to make the deed on 3 March, 1950, and know and understand what property she had, what she wanted to do with it and the effect of making a deed. Q. Upon what did you base that opinion, what observation that you saw, what did she say to you that made you think— (interrupted)—A. On the day she was going back home she said·to me, she said, I hate to go back home because the boys want me to make a deed to them and I want the girls to have their share and I will not do it." Motion by defendants to strike answer. Then followed the court's comment to which Exception No. 24 relates: "Well, sir, she says that is something Aldenas Chandler said upon which she bases her opinion that she did not have sufficient mental capacity to make a deed. Motion denied."

3. *Exception No. 40.*—This exception relates to a question propounded by the presiding Judge to plaintiff's witness Hazel Landers on direct examination. The challenged question and the answer thereto, shown below, were preceded by this line of testimony: "Q. Do you have an opinion satisfactory to yourself on the day you saw her, on the 17th day of February, 1950, as to whether she had sufficient mental capacity on that day that you saw her to understand without prompting the business of making a deed or the business she might have been engaged in, the kind.and extent of the property to be conveyed in a deed, the way she wished to dispose of it, and the effect of making a deed, do you have an opinion?" Objection; overruled. "A. No sir, not the day I seen her she didn't know anything." By the court: "He asked you if you had an opinion; you must answer that yes or no. Do you have such an opinion? A. Yes. Q. What is that opinion?" Objection; no ruling. "A. The day I saw her she didn't." The court then propounded the question to which Exception No. 40 relates: "Is it your opinion on that day she didn't have sufficient mental capacity to make a deed? A. No, she didn't." Motion to strike; denied.

The rule is well established that a nonexpert witness may not be permitted to make the abstract statement that a grantor "did not have sufficient mental capacity to make a deed." This is so for the reason that mental capacity to make a deed is not a question of fact. Rather, it is a conclusion which the law draws from certain facts as a premise, such as whether the grantor understood what he was doing—the nature and consequences of his act in making the deed; that is, whether he knew what land he was disposing of, to whom, and how. *Davis v. Davis,* 223 N.C. 36, 25 S.E. 2d 181; *Lamb v. Perry,* 169 N.C. 436, 86 S.E. 179; *In re Will of Lomax,* 224 N.C. 459, 31 S.E. 2d 369; *In re Will of York,* 231 N.C. 70, 55 S.E. 2d 791; *In re Will of Tatum,* 233 N.C. 723, 65 S.E. 2d 351. See also Wigmore on Evidence, Third Edition, Vol. VII, Section 1958.

In the trial below the presiding Judge inadvertently made comments and elicited testimony violative of the foregoing rule. See also G.S. 1-180. The errors so made seem to be of sufficient gravity to entitle the defendants to a new trial. *In re Will of Lomax, supra; In re Will of York, supra.* It is so ordered.

New trial.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.