STATE *v.* TODD.

not guilty by defendants; motion to quash warrants; trial in Superior Court; and verdict of guilty of larceny as charged as to each defendant, and judgment pronounced and their appeal to Supreme Court — and assignment of error.

*Attorney General Bruton, Assistant Attorney General Glenn L. Hooper, Jr., for the State.*
*Dalton H. Loftin for defendants appellants.*

---

STATE v. JOE TODD.

(Filed 10 June, 1960.)

**Criminal Law § 161—**

 Where the evidence is not in the record, assignments of error to the charge cannot be sustained unless the instructions are inherently or patently erroneous irrespective of any evidence.

APPEAL by defendant from *Carr, J.,* February Criminal Term, 1960 of ROBESON.

The defendant was tried on a bill of indictment charging him with manslaughter. From a verdict of guilty of involuntary manslaughter

and the sentence imposed thereon, the defendant appeals, assigning error.

*Attorney General Bruton for the State.*
*Hackett & Weinstein for defendant.*

PER CURIAM: All that appears in this case is the record proper, the Judge's charge and the defendant's assignments of error, all of which are addressed to portions of the charge. The case on appeal contains none of the evidence offered in the trial below.

In the case of *S. v. Ray*, 232 N.C. 496, 61 S.E. 2d 254, *Stacy, C. J.*, speaking for the Court, said: "Even if some of the instructions, standing alone, should be regarded as erroneous, they could not be declared prejudicial or hurtful, unless inherently and patently so, in the absence of the evidence upon which they were based or to which they speak. 24 C.J.S., Criminal Law, § 1857, page 733; *Pickett v. Pickett*, 14 N.C. 6; *State v. Wilson*, 121 N.C. 650, 28 S.E. 416."

An examination of the assignments of error challenging the correctness of certain portions of the charge in the trial below, reveals no error and they are, therefore, without merit.

The verdict and judgment will be upheld.

No error.