CHARLES C. HENDRICKS, INDIVIDUALLY AND AS ONE OF THE EXECUTORS OF THE WILL OF DANIEL J. HENDRICKS, DECEASED, JAMES R. HENDRICKS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF SARAH DAVIS HENDRICKS, DECEASED, AUSTIN H. HENDRICKS, RUTH H. SUTTLES, AND AILEEN H. McCULLOCH, v. D. J. HENDRICKS, JR., INDIVIDUALLY AND AS ONE OF THE EXECUTORS OF THE WILL OF DANIEL J. HENDRICKS, DECEASED, AND WIFE, ELIZABETH P. HENDRICKS, H. MONROE HENDRICKS, INDIVIDUALLY AND AS ONE OF THE EXECUTORS OF THE WILL OF DANIEL J. HENDRICKS, DECEASED, AND WILLIAM O. HENDRICKS.

(Filed 22 May 1968.)

**1. Deeds § 4;    Evidence §§ 41, 43—**

In this action to set aside a deed for want of mental capacity in the grantor, testimony of the witnesses that in their opinion the grantor did not have sufficient mental capacity to understand the nature and consequences of making a deed, its scope and effect, and to know what land he was disposing of and to whom and how, *is held* properly admissible. *Hendricks v. Hendricks,* 272 N.C. 340, is no longer authoritative.

**2. Appeal and Error § 53—**

Where the rights of the parties are determined by the jury's answer to one of the issues, error relating to another issue is not prejudicial.

ON plaintiffs' petition to rehear our former decision reported in 272 N.C. 340.

*Cooke & Cooke by William Owen Cooke for plaintiffs.*
*Jordan, Wright, Henson & Nichols by Edward L. Murrelle for defendants.*

HIGGINS, J.   The plaintiffs, within the time allowed by our rules, filed a petition to rehear, to vacate our former decision, and to sustain the judgment entered in the Superior Court. The Justices to whom the petition was referred ordered the rehearing and granted the parties leave to file additional briefs.

The Court has considered the original record and all briefs in the light of the petition to rehear. The pleadings, issues, and a summary of the evidence are set out in our former decision. However, the recitation of the evidence on the issue of mental capacity omitted the testimony of Dr. Flythe, who was the personal physician of Daniel J. Hendricks, Sr. from 1952 until his death in September, 1965. Dr. Flythe testified that prior to 1964, Mr. Hendricks had suffered from chronic brain syndrome, hardening of the arteries, and degeneration of mental faculties, including loss of memory. These ailments grew progressively worse until his death. Dr. Flythe expressed the opinion that in April, 1965, Mr. Hendricks did not have mental capacity "to understand the importance of what he was doing". This evidence is noted here because of what appears to be preponderating evidence to the contrary recited and discussed in the former opinion. Dr. Flythe gave the only medical testimony before the jury.

At the jury trial the plaintiffs examined certain lay witnesses, each of whom testified that based on his contacts and observations, he had formed an opinion satisfactory to himself as to the mental condition of Daniel J. Hendricks, Sr. as of April 15, 1965. Each testified in his opinion Mr. Hendricks did not have "sufficient mental capacity to understand the nature and consequences of making a deed, its scope and effect, and to know what land he was disposing of and to whom and how."

. The decision now being reconsidered held the trial court committed error in overruling defendants' objection to the foregoing testimony and the error entitled the defendants to a new trial. The basis of the objection did not involve the right of lay witnesses to testify as to mental condition, but that the form of the question and the answer permitted the witness to express an opinion on the ultimate issue involved and thereby to invade the province of the jury. In support, the opinion cited *McDevitt v. Chandler*, 241 N.C. 677, 86 S.E. 2d 438. The witnesses in the case now being reconsidered testified that in their opinion Mr. Hendricks did not have sufficient mental capacity to understand the nature and consequences of making a deed, its scope and effect, and to know what land he was disposing of and to whom and how. The propriety and admissibility of the evidence is recognized in a long line of this Court's decisions. *Goins*

*v. McCloud,* 231 N.C. 655, 58 S.E. 2d 634; *Davis v. Davis,* 223 N.C. 36, 25 S.E. 2d 181; *Bissett v. Bailey,* 176 N.C. 43, 96 S.E. 648; *Lamb v. Perry,* 169 N.C. 436, 86 S.E. 179; *Whitaker v. Hamilton,* 126 N.C. 465, 35 S.E. 815; Strong, N. C. Index, 2d Ed., Vol. 3, Deeds, § 4, p. 243.

*McDevitt* is not in conflict with the position we now take. In that case, the Judge asked this question: "Is it your opinion on that day she did not have sufficient mental capacity to make a deed?" The Judge's question permitted the witness to draw the ultimate conclusion and thereby invaded the province of the jury. *Terrell v. Ins. Co.,* 269 N.C. 259, 152 S.E. 2d 198; *Ponder v. Cobb,* 257 N.C. 281, 126 S.E. 2d 67; Strong's N. C. Index, 2d Ed., Evidence, Sec. 41, Vol. 3, p. 668. Error in the question required the court to award a new trial.

In the case at bar there was competent evidence to sustain the jury's finding that on April 15, 1965 Daniel J. Hendricks, Sr. did not possess sufficient mental capacity to execute the deed to Daniel J. Hendricks, Jr. The pleadings raised the issue. The jury's answer thereto settled the case in favor of plaintiffs and authorized the judgment setting the deed aside. The second issue (duress) was rendered immaterial by the answer to the first issue. The court should have charged the jury that if, on the first issue, it found that Mr. Hendricks did not have sufficient mental capacity to make the deed, then the second issue was immaterial and need not be answered. It appearing that error was not committed on the first issue, which was answered in favor of the plaintiff, any errors committed on the second issue were rendered harmless and of no consequence. "The court will not consider exceptions and assignments of error arising upon the trial of other issues, when one issue decisive of appellant's right to recover has been found against him." *Bullin v. Moore,* 256 N.C. 82, 122 S.E. 2d 765; *King v. Powell,* 220 N.C. 511, 17 S.E. 2d 659; *Winborne v. Lloyd,* 209 N.C. 483, 183 S.E. 756; Strong's N. C. Index, 2d Ed., Appeal and Error, Sec. 53, pp. 211-212 (citing many cases.)

After a full rehearing, the Court now determines: (1) Its former decision reported in 272 N.C. 340 awarding a new trial was not sustained by the record; (2) A prejudicial error was not committed by the trial court; (3) The order granting a new trial is vacated; (4) the former decision is no longer authoritative; (5) This opinion becomes the law of the case.

In the Superior Court judgment, we now find

No error.