IVEY S. BODENHEIMER v. WALTER STANTON BODENHEIMER

No. 7322SC7

(Filed 21 February 1973)

**1. Rules of Civil Procedure § 51— no failure to review any of the evidence**

     The trial court did not fail to review any of the evidence in violation of G.S. 1A-1, Rule 51, where the court stated to the jury what the parties contended the evidence tended to show.

**2. Deeds § 4— instructions on mental capacity**

     Trial court's instruction that a grantor had sufficient mental capacity to execute a deed "if he understood the act in which he was engaged and its scope and effect" was sufficient without the addition of the phrase "and whether he knew what land he was disposing of, to whom and how."

     Judge BROCK concurring in the result.

APPEAL by defendant from *Chess, Special Judge,* 22 May 1972 Civil Session of DAVIDSON County Superior Court.

Plaintiff instituted this civil action to set aside a deed conveying real property from W. A. Bodenheimer (deceased) to Walter Stanton Bodenheimer, dated 16 August 1971, on the grounds of insufficient mental capacity of the grantor and undue influence on the part of the grantee. W. A. Bodenheimer died on 26 August 1971 leaving a will which devised the real property in question to the plaintiff.

The jury found that there was insufficient mental capacity to execute the deed in question.

*Walser, Brinkley, Walser & McGirt by Walter F. Brinkley and Charles H. McGirt for plaintiff appellee.*

*Powe, Porter and Alphin, P.A. by James G. Billings for defendant appellant.*

CAMPBELL, Judge.

The case on appeal certified to this Court contains none of the evidence presented at the trial; it does contain the record proper and the trial court's charge to the jury.

In this appeal the defendant has asserted two assignments of error: (1) that the trial court erred in failing to review *any* of the evidence presented in the trial, as required by Rule 51 of the rules of procedure; and (2) that the court erroneously instructed the jury as to the law regarding the requisite mental capacity to execute a deed.

Rule 51 requires the trial judge to perform two positive acts: (1) to declare and explain the law arising on the evidence presented in the case; and (2) to review such evidence to the extent necessary to explain the application of that law to the particular facts and circumstances of the case.

If the evidence presented in the case at trial is not preserved in the record on appeal, the appellate court is unable to determine if the court instructed on all the law which is raised by that evidence and cannot determine if enough of the evidence was summarized to explain the applicable law to the particular facts and circumstances. Absent a clear showing that the trial judge committed error, it is presumed that the trial judge charged the jury correctly upon the evidence adduced at the trial. *James v. R. R.*, 121 N.C. 530, 28 S.E. 537 (1897).

Although it is a correct rule that where there is no evidence in the record on appeal the trial court's charge will be sustained, it is also true that where an instruction is patently or inherently erroneous to the prejudice of the appellant, the judgment will be reversed for new trial. *State v. Todd*, 252 N.C. 784, 114 S.E. 2d 581 (1960) ; *State v. Ray*, 232 N.C. 496, 61 S.E. 2d 254 (1950).

This latter principle would be applicable, for example, where the trial court's instruction did not contain any evidence whatsoever, or where the trial court's statement of the law was obviously wrong.

[1]   Defendant in the instant case asserts that the trial court committed both these errors; that is, that it did not review *any* evidence, and that its statement of the law was incorrect.

The trial court prefaced its remarks concerning the evidence of each party with a statement that, " . . . the plaintiff [defendant] has offered evidence which he contends tends to show . . . " , followed by a general summary of the testimony. Defendant argues that the court did not review any evidence, but merely stated *contentions* of the parties. A contention, however, is a point advanced or maintained in a debate or argument; it is a statement of ultimate fact or conclusion which must be supported by evidence. As a contention is not evidence, so evidence is not a contention. Thus, where the trial judge began a portion of his charge by saying, "The State contends and offers evidence tending to show," followed by a summary of the evidence of the witnesses, the court did not undertake to give any of the *contentions* of the parties. *State v. Colson*, 222 N.C. 28, 21 S.E. 2d 808 (1942).

The charge in the instant case was quite scant on the evidence adduced; but it cannot be said that the trial court failed to review *any* of the evidence, and in the absence of any evidence in the record, we will not say it was error.

[2]   Defendant's second assignment of error alleges that the trial court stated the law concerning mental capacity to execute a deed incorrectly. On this issue the court charged:

> "[I]f the grantor had mental capacity to know at the time, the nature of the act in which he was engaged and its scope and effect, then he had mental capacity to execute it.
>
> It is not necessary that the grantor be able to dispose of his property with the judgment and discretion, wisely or unwisely, for he had a right to do with his own what he pleased, but it is enough if he understood the act in which he was engaged and its scope and effect."

Defendant argues that the instruction was incomplete, in that the trial court should have added the phrase, *"and whether he knew what land he was disposing of, to whom and how."* For authority, defendant relies upon *Hendricks v. Hendricks*, 272 N.C. 340, 158 S.E. 2d 496, reversed on rehearing in 273 N.C. 733, 161 S.E. 2d 97 (1968).

*Hendricks* does not support defendant's contention for several reasons: (1) the appeal dealt with the propriety of a question asked witnesses concerning their opinion of the grantor's mental capacity, not the court's charge to the jury; (2) the *Hendricks* opinion quoted with approval a statement of the law from *Goins v. McLoud,* 231 N.C. 655, 58 S.E. 2d 634 (1950), which statement is substantially in the same words as the instruction in the instant case; (3) the words "and whether he knew what land he was disposing of, to whom and how," were quoted from *McDevitt v. Chandler,* 241 N.C. 677, 86 S.E. 2d 438 (1955), which used the phrase only to explain the meaning of the phrase, "understood . . . the nature and consequences of his act in making the deed." (4) There is nothing in either of these two cases which requires the trial judge to say the same thing in two or more different ways.

Accordingly, we find no error.

No error.

Judge GRAHAM concurs.

Judge BROCK concurs in the result.

Judge BROCK concurring in the result.

I would overrule the assignment of error which charges that the trial judge failed to review *any* of the evidence presented in the trial. I would do this upon the basis that the trial judge quite clearly instructed the jury upon *some* of the evidence when he read to the jury the stipulations which the parties had entered into. However, I cannot agree that the trial judge properly summarized the testimony as the majority opinion apparently holds. In my opinion a statement by the trial judge of what the parties contend the evidence shows does not satisfy the requirements of G.S. 1A-1, Rule 51(a). This rule requires the judge to state the evidence to the extent necessary to explain the application of the law thereto. In the case presently before us, the trial judge only told the jury what the *parties contended* that the evidence tended to show. In my opinion this type of instruction is inadequate.

For the reasons stated, I concur only in the result reached by the majority.