C. W. HODGES v. SOUTHERN RAILWAY COMPANY.

(Decided April 26, 1898.)

*Action for Damages for Personal Injuries—Common Carriers — Passenger Alighting From Moving Train —Negligence—Verdict.*

1. When the court is asked to direct a verdict, the evidence must be construed most favorably towards the other party.

2. When the evidence is left to the jury, a mere preponderance will be sufficient to determine the verdict.

3. It is not negligence *per se* for a passenger to step off a car at night upon the *invitation* or *direction* of the porter, even if the car is moving, but the act may become negligence by being done in a negligent manner.

CIVIL ACTION tried before *Hoke, J.*, and a jury at October, 1897, Term of MECKLENBURG Superior Court, for damages for injuries alleged to have been caused by the negligence of defendant. The facts sufficient appear in the opinion. The jury found all issues in favor

of the defendant and from the judgment rendered the plaintiff appealed.

*Messrs. Burwell, Walker & Cansler,* for plaintiff (appellant).
' *Mr. Geo. F. Bason,* for defendant.

DOUGLAS, J.:   This is an action brought to recover damages for injuries received by the plaintiff through the alleged negligence of the defendant.   The plaintiff was a passenger on the defendant's train, and upon arriving at its destination at night stepped off the car and was injured.   There was conflicting testimony as to what was said by the porter, and also conflicting testimony as to the condition and conduct of the plaintiff. With the credibility and weight of this testimony we have nothing to do, as there was certainly more than a mere scintilla on either side of both issues, and therefore they were properly left to the jury.   The defendant's exceptions relate exclusively to the charge, and refusal to charge, by the court, and none of them can be sustained.   All exceptions relating to the first issue, which was found for the plaintiff, have been cured by the verdict.   This case was here before and is reported in 120 N. C., 555.   We then granted the plaintiff a new trial upon substantially the same grounds upon which we now affirm the judgment, that is, that there was conflicting evidence that should have been submitted to the jury.   The principal exceptions now before us appear to be based upon a misconception of our former opinion.   The plaintiff strenuously urged that under the circumstances of this case the court should have instructed the jury that there could be no contributory negligence on the part of the plaintiff if they found

122—63

that the defendant was negligent, and quoted from our former opinion is support of his contention. The case is now presented to us in an entirely different light from what it was before. Then, the plaintiff had been non-suited and we were compelled to consider his testimony alone, and that in the light most favorable to him. Now, the tables are turned and as the plaintiff is asking the court to direct a verdict in its favor, we must consider the evidence, at least for the purposes of his contention, in the light most favorable for the defendant. In that light, we cannot say that there was no evidence of contributory negligence. The weight of that evidence is for the jury and not for us. When the evidence is left to the jury, a mere preponderance will be sufficient to determine the verdict. This is the general rule, subject to some exceptional cases. This preponderance does not mean the number of witnesses—nor the mere volume of testimony, but refers to the reasonable impression made upon the minds of the jury by the entire evidence, taking into consideration the character and demeanor of the witnesses, their interest or bias and means of knowledge, and other attending circumstances. It is not negligence *per se* for a passenger to step off a car at night upon the invitation or direction of the porter, even if the car is moving; but the act may become negligence by being done in a negligent manner. This was evidently the view taken by the jury, and as the case was properly submitted to them under instructions in which we see no substantial error, we cannot disturb their verdict. The judgment is

Affirmed.