F. C. HUFFMAN ET AL. v. GAITHER LUMBER COMPANY ET AL.

(Filed 12 May, 1915.)

1. **Bills and Notes — Indorsement of Credit — Ambiguity — Open Accounts — Evidence.**

    In an action upon a note and an open account presenting the question of whether an indorsement on the note, received on "the above" a certain sum, referred to the payment of the open account, with the balance as a credit upon the note, it is *Held*, that the words of the indorsement, "the above," were ambiguous of meaning, and permitted evidence, in plaintiff's behalf, that the open account was attached to the note at the time of the indorsement of credit, and that the indorsement referred to it.

2. **Appeal and Error—Evidence—Harmless Error.**

    Incompetent declarations admitted in evidence as to the correctness of items of an account in controversy are harmless when the items referred to are not disputed.

3. **Evidence—Unresponsive Answers—Motions.**

    Where the witness answers a competent question and testifies further as to incompetent matters, the remedy of the complaining party is to move to strike from the answer the improper evidence.

APPEAL by defendant from *Harding, J.*, at December Term, 1914, of BURKE.

Action to recover a balance alleged to be due on three notes of $400 each, executed by the Gaither Lumber Company, the payment of which was assumed by the defendant Morrison, president of said company.

The questions in controversy between the parties were:

1. Whether the Gaither Lumber Company was indebted to the plaintiff in the sum of $214.12, in addition to the three notes.

2. Whether the payment of $370.30 on 25 October, 1909, should be credited on one of said notes, or whether a part thereof should be applied in satisfaction of the amount due on the open account and the balance upon the note.

The jury returned the following verdict:

1. Was the entry on the four months note for $400, dated 20 October, 1909, as follows, "Received on the above $370.30, 25 October, 1909," made at the same time and as the same transaction as the words appearing thereon, "Less open account, $214.12, being credit of $156.18 on the note"? Answer: "Yes."

2. Were the words, "Less open account, $214.12, being credit of $156.18," placed on the note after the words, "Received on the above $370.30, 25 October, 1909," as a different transaction? Answer: "No."

3. In what amount was the defendant Gaither Lumber Company indebted to plaintiff by open account at the time the entry of $370.30 was made on the note? Answer: "$214.12."

4. Is plaintiff's cause of action barred by the three years statute of limitations? Answer: "No."

5. Is the defendant Eugene Morrison indebted to the plaintiff, and if so, in what amount? Answer: "$250, with interest from 10 October, 1912."

6. Is the defendant the Gaither Lumber Company indebted to the plaintiff, and if so, in what amount? Answer: "$250."

There was a judgment in favor of the plaintiff, and the defendant Morrison appealed, assigning the following errors:

1. To the ruling of the court permitting the witness F. O. Huffman to testify that an entry of credit on the back of a $400 note in the following words, "Received on the above $370.30," meant it was received on the entire account of the Gaither Lumber Company.

2. To the ruling of the court in permitting the witness F. O. Huffman to testify to the declaration of Mr. Gaither that there was no dispute about the amount of lumber shipped by the Wells Lumber Company on the order of the Gaither Lumber Company, and that the amount for the same was honest and just.

3. To the ruling of the court denying defendant's motion for judgment of nonsuit at the close of the evidence.

*John T. Perkins for plaintiff.*
*S. J. Ervin for defendant.*

PER CURIAM. We have carefully examined the record, and find no sufficient reason for disturbing the verdict and judgment of the Superior Court.

The words in the indorsement of the credit on the note, "the above," are ambiguous, and it was competent for the witness to testify, in explanation thereof, that the whole account against the Gaither Lumber Company, amounting to $1,414.12, was attached to the note.

The objection to the declarations of Gaither, manager of the Gaither Lumber Company, apparently made in 1910, would be tenable, but it appears that the witness was only asked as to statements made by him with reference to the items in the account of 26 March, 3 April, and 5 April, 1909, and that these items were not in dispute, because they were embraced in two notes of 18 May, 1909, in the amounts of $367.09 and $370.30.

If the answer of the witness went beyond the question it was the duty of the defendant to move to strike it out.

As the execution of the notes was not denied, and the real dispute was as to the application of a payment, the motion to nonsuit was properly denied.

No error.