FENNER RESPASS v. WILLIAM BONNER, CLAUDE BONNER, MRS. MARY P. KEYS, MONTCELLUS KEYS, RICHARD MURRELL AND MRS. MAGNOLIA DUDLEY.

(Filed 4 March, 1953.)

**1. Appeal and Error § 10b—**

The rules requiring service to be made of case on appeal within the allotted time are mandatory, and when appellant fails to serve case on appeal within the time allotted there is no case on appeal.

**2. Appeal and Error § 22—**

The record imports verity, and the Supreme Court is bound thereby.

**3. Appeal and Error § 31b—**

Failure to have statement of case on appeal does not in itself work a dismissal, but the Supreme Court may review the record proper for errors appearing upon its face.

APPEAL by plaintiff from *Sharp, Special Judge,* at November Term, 1952, of MARTIN.

Civil action to reform a certain deed, and to declare plaintiff owner in fee simple of certain lands described therein.

The record proper filed in this Court discloses:

(1) That plaintiff alleges in his complaint substantially the following: That at a public sale by commissioners in a special proceeding instituted by Vanderbilt Respass for sale of the Willie Respass homeplace in town of Williamston, N. C., he, the plaintiff, became the last and highest bidder for the land, and, having arranged to pay the purchase price, requested that deed be made to him and his wife, Carrie Respass, but that by mistake deed dated 4 October, 1944, was made to Carrie Respass only; and that he did not discover the mistake until February, 1951, after the death of Carrie Respass.

(2) That defendants, sisters and heirs at law of Carrie Respass, answering, deny in material aspect the allegations of the complaint, and plead three years statute of limitations and assert claim for rents.

(3) That, upon trial in Superior Court, issues were submitted to, and the first only answered by the jury as follows: "1. Was the name of Fenner Respass omitted from the deed described in the complaint by an error of the draftsman as alleged? Answer: No.

"2. Is the plaintiff's action barred by the statute of limitations as alleged in the answer? Answer: .... ........

"3. What amount, if any, are the defendants entitled to recover from the plaintiff as rents for the property in question? Answer: ........... ."

(4) That upon the verdict rendered the trial judge entered judgment in favor of defendants and against plaintiff, and that plaintiff excepted, and gave notice of appeal to Supreme Court, and was allowed 40 days to serve case on appeal, and that defendants were allowed 15 days thereafter to serve exceptions or countercase.

(5) That there is total absence of agreement to case on appeal, or of settlement of case on appeal, save and except the following: It appears that on 16 January, 1953, erroneously written 1952, as appellee admits, LeRoy Scott, attorney for defendants, signed this entry: "Received copy of above one page case on appeal in Fenner Respass v. William Bonner, *et al.,* and service is accepted."

(6) That appellant, at 9:43 o'clock a.m., on Tuesday, 20 January, 1953, docketed in office of Clerk of Supreme Court a certified copy of

purported record proper and a purported statement of case on appeal, including a statement of assignments of error, pages 9 to 37, a total of 27 pages of the printed record, bearing certificate of Clerk of Superior Court of Martin County, dated 19 January, 1953, to the effect that "the foregoing is a full, complete and correct copy of the entire record and case on appeal in the matter of Fenner Respass v. William Bonner, et al., composed of 24 pages" typed.

Now appellee filed motion in this Court to dismiss the appeal for that appellant failed to docket his case on appeal by 10 o'clock a.m., on Tuesday, 20 January, 1953, for the reason that what he docketed was not a case on appeal, in that it had not been agreed to by opposing counsel, nor served upon him, but that actually only one page, containing matter which covers in the printed record only the first three pages, 9, 10 and 11, service of which as "one page case on appeal" was accepted by counsel for appellee. Attached to and in support of the motion is affidavit of counsel for appellee, in which among other things it is stated that "the Superior Court of Martin County at which this case was tried during the first week of court convened on November 17th, 1952 and adjourned on November 26th, 1952 as your affiant is advised."

And the record fails to show that appellant answered the motion and supporting affidavit.

The record also fails to show that appellant has made application for extension of time, for *certiorari* or for waiver of failure to file within the time prescribed by established rule.

Upon the record, and papers filed, appellant assigns error.

*Hugh Horton and P. H. Bell for plaintiff, appellant.*
*LeRoy Scott for defendants, appellees.*

WINBORNE, J. The right of appeal must be exercised in accordance with the established rules and procedure governing appeals. *S. v. Moore,* 210 N.C. 686, 188 S.E. 421. Indeed, rules requiring service to be made of case on appeal within the allotted time are mandatory, and not directive. *S. v. Daniels,* 231 N.C. 17, 56 S.E. 2d 2, and cases cited.

Hence where an appealing party fails to file his statement of case on appeal within the time allowed and fails to make application for extension of time, or for waiver of failure to file within the time prescribed, or fails to file petition for *certiorari,* if such procedure be available, such party loses his right to bring up the "case on appeal." *S. v. Moore, supra.*

In this connection, the record docketed in this Court discloses that plaintiff, appellant, was allowed forty days in which to serve case on appeal. And the statute G.S. 7-70 fixes a term of Superior Court for Martin County to begin on eleventh Monday after the first Monday in

September to continue for two weeks for the trial of civil cases. In 1952 this term of court began on 17 November, and, if not earlier adjourned, expired by limitation on 29 November, 1952. Forty days thereafter expired 9 January, 1953. Hence, even if the "one page case on appeal" should be considered a partial compliance with the rule requiring service of case on appeal, it was not served within the forty days allotted. So, we have here no case on appeal.

The record imports verity, and the Supreme Court is bound thereby. *S. v. Dee*, 214 N.C. 509, 199 S.E. 730, and cases cited. See also *S. v. Miller*, 214 N.C. 317, 199 S.E. 89; *S. v. Cannon*, 227 N.C. 336, 42 S.E. 2d 343.

But the failure to have a statement of case on appeal does not by itself, that is, *ipso facto*, work a dismissal, *Parrish v. Hartman*, 212 N.C. 248, 193 S.E. 18, and cases cited, but this Court may review the record proper for errors appearing upon the face of it. However, here error does not so appear. In fact, a reading of the whole record including all that plaintiff sets out therein fails to indicate prejudicial error. It would seem that a clear-cut issue was raised, and submitted by the court to the jury, as the first issue. And the jury has decided against plaintiff.

For reasons stated, the judgment below will be, and is hereby
Affirmed.