In the matter of THE WILL OF BRISCOE TAYLOR, Deceased.

(Filed 25 September 1963.)

**1. Evidence § 57—**

The fact that the answer of a witness to a competent question is not responsive to the question does not in itself render the answer inadmissible, since if the answer contains relevant and competent statements it is competent notwithstanding the particular matter was not called for by the question, while if a unresponsive answer contains irrelevant facts they may be stricken on objection.

**2. Wills § 18—**

In response to a request for his opinion as to whether testator at the time of the execution of the will possessed sufficient mental capacity to know what property he had, who his relatives were, and whether he was capable of understanding the consequences of the disposition of his property by will, caveator as a witness replied that testator really did not

know what he was doing at that time, that he was sick and weak. *Held:* The answer was improperly stricken even though it was not responsive to the question, since the answer also contains relevant and competent matter bearing upon the issue of the mental capacity of testator.

**3. Trials § 33—**

An inadvertence in charging that a party's evidence tended to show certain facts when such party's evidence tended to show the contrary, must be held for prejudicial error notwithstanding that the inadvertence was due to a slip of the tongue or that the charge was incorrectly reported.

**4. Appeal and Error § 35—**

The Supreme Court is bound by the record as certified.

APPEAL by caveators from *Brock, Special Judge,* May Civil Session 1963 of BUNCOMBE.

This is a caveat proceeding. Briscoe Taylor, a citizen and resident of Buncombe County, North Carolina, died 26 October 1961 leaving a paper writing purporting to be his last will and testament. His next of kin are three sisters, two of whom live in Buncombe County and are the caveators. The other sister, who lives in California, has been given due and timely notice of the proceedings.

On 7 November 1961, George Crook, the propounder, executor and sole beneficiary under the purported will, presented said paper writing to the Clerk of the Superior Court of Buncombe County, but did not offer it for probate. After the expiration of some seven months, one of Briscoe Taylor's sisters offered the paper for probate in order that she might file a caveat thereto.

The Clerk of the Superior Court of Buncombe County issued citations to the interested parties, notifying them that a caveat had been filed and the proceeding transferred to the Superior Court of Buncombe County for trial.

The evidence offered by George Crook tends to show that Briscoe Taylor requested him to have Mr. Chester Cogburn, an attorney, draft the will; that it was prepared and dated on 16 October 1961. Briscoe Taylor, who had been quite ill for sometime, entered the Veterans' Hospital at Oteen, North Carolina, on 19 October 1961. The paper writing in question was executed on the same day he entered the hospital where he died of cancer one week later.

The caveators allege and contend that on 19 October 1961 Briscoe Taylor lacked the mental capacity to make a will, and that the propounder exerted undue influence in the procurement of the execution of the purported will.

Issues were answered in favor of the propounder and judgment was entered on the verdict.

The caveators appeal, assigning error.

*Don C. Young for caveator appellants.*
*Lee, Lee & Cogburn for propounder appellee.*

DENNY, C.J.  Mrs. Florence Smith, a sister of Briscoe Taylor, testified that for three weeks before her brother entered the Veterans' Hospital she cared for him at his home from early morning until about 6:00 or 7:00 in the evening, then her niece, Mae Erwin, took over.

This witness further testified: "Based upon my conversations and my observations, I have an opinion satisfactory to myself as to whether Briscoe Taylor on October 19th to October 26th, 1961, possessed sufficient mental capacity to know what property he had, who his relatives were, what claims they had upon him, and whether he was capable of disposing of his property by will, and of understanding the consequences and effect of so doing."

"Q.  'What is that opinion, and what do you base it upon?'

"A.  'He really didn't know what he was doing at that time. He was sick and weak.'

"Objection; motion to strike; sustained; motion allowed. That is a conclusion; that is for the jury to determine."

Exception was noted to this ruling of the court and is the basis for appellants' assignment of error No. 2.

In the case of *In re Will of Tatum*, 233 N.C. 723, 65 S.E. 2d 351, the witness was asked a question similar to the one asked the witness in the case at bar. After stating that she had an opinion, she was then requested to state her opinion, and she said: "In my opinion, I feel that he knew what he was doing, as he always did. There is not a doubt in my mind that he didn't know what he was doing."

"Motion to strike as not being responsive.

"Motion allowed."

From an adverse verdict the propounders appealed. This Court held the exclusion of the foregoing evidence was error. The Court said: "Whether the answers were responsive to the questions is not controlling. The determinative question before the court below was whether the answers were relevant and competent as bearing upon the issue of mental capacity of the testator. If the answers furnished relevant facts, they were nonetheless admissible * * * [although] they were not specifically asked for. Silence may not be imposed to eliminate relevant, pertinent testimony simply because it is not specifically re-

quested. This rule is rooted in the fundamental tenets of natural justice and is supported by common sense. Its universal application can do no harm, for if an unresponsive answer produces irrelevant facts, they may be stricken out and withdrawn from the jury. See *Huffman v. Lumber Co.,* 169 N.C. 259, 85 S.E. 148; *Hodges v. Wilson,* 165 N.C. 323, 81 S.E. 340."

The appellants in this case further assign as error that portion of the charge given to the jury on the second issue as hereinafter set out in parentheses: " * * * The burden of proof rests upon the Caveators on this issue to satisfy you by the greater weight of the evidence that at the time Briscoe Taylor signed and executed Propounder's Exhibit I [the purported will], he was incapable, by reason of his mental incapacity, to know and comprehend the nature, character and extent of his property, who the natural objects of his bounty were, how he was disposing of his property, and of understanding the effect and consequences of the disposition of that property, and the effect the disposition would have on his estate. (Upon that issue, the Caveators have offered evidence which tends to show by the opinion of certain witnesses that at the time of the execution of this instrument, Briscoe Taylor, in the opinion of the witnesses, did have sufficient mental capacity)."

The evidence of the caveators does not support that portion of the charge to which they except; in fact, the evidence is directly contrary thereto. This reported instruction of the court may not be accurate. Even so, we are bound by the record as certified to us. *Redd v. Mecklenburg Nurseries,* 241 N.C. 385, 85 S.E. 2d 311; *Respass v. Bonner,* 237 N.C. 310, 74 S.E. 2d 721; *Grandy v. Walker,* 234 N.C. 734, 68 S.E. 2d 807; *Dellinger v. Clark,* 234 N.C. 419, 67 S.E. 2d 448; Strong's North Carolina Index, Appeal and Error, section 35.

Both of the foregoing assignments of error are sustained and the caveators are entitled to a new trial.

New trial.