WILLIAM SCOTT ROGERS v. WALTER SCOTT ROGERS, B. K. MEADOWS, AND JONES DAVIS.

(Filed 29 September, 1965.)

**1. Automobiles § 41h—**

Evidence favorable to plaintiff tending to show that the driver of the car in which plaintiff was riding turned left to enter a motor court at the time when appealing defendant's vehicle was some 300 feet away, and that this vehicle was traveling some 60 miles per hour and crashed into the vehicle in which plaintiff was riding after its front wheels were into the motel driveway, *held* sufficient to be submitted to the jury on the issue of negligence.

**2. Appeal and Error § 35—**

The Supreme Court is bound by the record as certified.

APPEAL by defendant Jones Davis from *Nettles, Emergency Judge,* Regular February 1965 Session of BUNCOMBE.

This is a civil action instituted by the plaintiff to recover damages for personal injuries resulting from a two-car collision on 4 May 1962.

The collision occurred on U. S. Highway 70, a three-lane paved highway, approximately 6½ miles east of Asheville, North Carolina. Plain-

tiff was a passenger in a 1957 Chevrolet automobile owned and operated by Walter Scott Rogers in an easterly direction on U. S. Highway 70. A 1959 Ford automobile, owner by defendant B. K. Meadows, was being operated by Jones Davis in a westerly direction on said highway. Defendant Rogers was completing a left turn from the center lane of said highway into the driveway of the Swan Motor Court located on the north side of said highway. About 100 to 125 feet before reaching "the center of the Swan Court," defendant Rogers gave a left turn signal, drove into the center lane and stopped. Defendant Rogers allowed one of two westbound cars to pass, the second car being some 600 or 650 feet to the east; he hesitated "a couple of seconds and then slowly pulled across the road," at an angle of about 45 degrees.

There is evidence tending to show that defendant Davis was traveling at a speed of between 60 to 70 miles per hour and that the car operated by Davis was 300 to 340 feet away when the Rogers car pulled across the westbound lane of said highway. According to plaintiff's evidence, the front wheels of the Rogers car were off the pavement and into the motel driveway at the time of the collision.

Defendant Davis testified that he was within 75 to 100 feet of the Rogers car when he first saw it; that he applied his brakes and skidded into it. Plaintiff was seriously injured.

The jury found that defendant Davis was not the agent of B. K. Meadows and further found that defendants Rogers and Davis were negligent.

From the judgment entered on the verdict, defendant Davis appeals, assigning error.

*Uzzell & DuMont for plaintiff appellee.*
*Williams, Williams & Morris for defendant appellant.*

Per Curiam. The appellant assigns as error the failure of the court below to sustain his motion for judgment as of nonsuit, interposed at the close of plaintiff's evidence and renewed at the close of all the evidence.

A careful consideration of the evidence adduced in the trial below leads us to the conclusion that it was sufficient to carry the case to the jury against the defendant Davis, and we so hold.

The appellant also assigns as error numerous excerpts from the court's charge to the jury bearing on negligence, proximate cause and damages. Many of these portions of the charge are simply unintelligible. We do not believe the able judge who tried this case charged the jury in the manner in which the charge is set out in the record.

Even so, counsel for the respective parties agreed to the case on appeal and we are bound by it. *Respass v. Bonner*, 237 N.C. 310, 74 S.E. 2d 721.

The appellant is awarded a new trial.

New trial.