ELIZABETH ELLEDGE AND OTHERS v. ALICE HAWKINS.

(Filed 20 November, 1935.)

1. **Executors and Administrators A e: C a—Where executrix has not been removed by clerk, Superior Court may not appoint receiver for estate.**

    An executrix who has duly qualified is entitled to possession of the assets of the estate until removed by the clerk, even though caveat proceedings have been instituted, and the Superior Court is without authority to appoint a receiver to take over the assets of the estate upon complaint of the heirs at law alleging the insolvency of the executrix and that she was squandering the assets of the estate, although upon the facts alleged plaintiffs might be entitled to the removal of the executrix by the clerk.

2. **Executors and Administrators C a—**

    The filing of a caveat suspends further proceedings in the administration of the estate, but does not deprive the executor or executrix of the right to the possession of the assets of the estate. C. S., 4161.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Finley, J.,* at Chambers in North Wilkesboro, N. C., on 28 December, 1934. Reversed.

This is an action, begun in the Superior Court of Wilkes County, for the appointment by the court of a permanent receiver of the estate of Shady Long, deceased, and for other relief.

The action was heard on an order requiring the defendant to show cause why a permanent receiver of the estate of Shady Long, deceased, should not be appointed by the court.

From an order made by the judge appointing Ralph Duncan permanent receiver of the estate of Shady Long, deceased, and authorizing and empowering said receiver to take into his possession all the assets of said estate, including assets now in the possession of the defendant as the executrix of Shady Long, deceased, and to preserve the same until further orders in this action, the defendant appealed to the Supreme Court, assigning as errors the refusal of the judge to sustain her demurrer to the complaint, and the signing of the order.

*J. H. Whicker and Eugene Trivette for plaintiffs.*
*Elledge & Wells and Buford T. Henderson for defendant.*

CONNOR, J.   The facts alleged in the complaint are as follows:

Shady Long died in Wilkes County, North Carolina, on 19 October, 1934, leaving the plaintiffs and the defendant as his heirs at law and as distributees of his personal estate.   Shortly after his death, the defendant, Alice Hawkins, offered a paper-writing for probate by the clerk of the Superior Court of Wilkes County as his last will and testament. The said paper-writing was duly probated by said clerk as the last will and testament of Shady Long, deceased.   The defendant was named in said last will and testament as the executrix of Shady Long, deceased, and has duly qualified as such executrix.   As such executrix, she has in her possession certain assets belonging to the estate of her testator, which she has included in the inventory filed by her in the office of the clerk of the Superior Court of Wilkes County.   She also has in her possession certain other assets of said estate, which she has refused to include in said inventory.

After the last will and testament of Shady Long, deceased, was probated in common form, the plaintiffs filed a caveat to said probate, and instituted a proceeding as provided by statute in support of said caveat. This proceeding is now pending in the Superior Court of Wilkes County.. In said proceeding, the plaintiffs have alleged that at the time he executed the paper-writing propounded as his last will and testament, Shady Long was without mental capacity to execute a will, and that the execution of said paper-writing by Shady Long was procured by the undue influence of the defendant.

The defendant is insolvent, and is disposing of and squandering the assets of the estate of Shady Long, deceased, and has refused to account for all the assets of said estate which have come into her hands as his executrix.   The plaintiffs pray that a receiver of the estate of Shady Long, deceased, be appointed by the court in this action, and that such receiver be authorized and empowered to take into his possession all the assets of said estate, including assets now in the possession of the defendant as the executrix of Shady Long, deceased.

The defendant demurred to the complaint on the ground (1) that the court was without jurisdiction of the action, and (2) that the facts stated in the complaint are not sufficient to constitute a cause of action.   The demurrer was overruled, and on her appeal to this court the defendant assigns same as error.   This assignment of error is sustained.

Conceding without deciding that on the facts alleged in the complaint the plaintiffs are entitled to the removal of the defendant as executrix of Shady Long, deceased, we must hold that plaintiffs cannot have this

relief in this action. The relief may be had only by an order of the clerk of the Superior Court of Wilkes County. See *In re Battle's Estate,* 158 N. C., 388, 74 S. E., 23. Until the defendant has been removed as executrix by the clerk, she is entitled to the possession of the assets belonging to the estate of her testator, although further proceedings by her in the administration of the estate were suspended by the filing of the caveat. C. S., 4161. The clerk may, upon sufficient facts found by him, require the defendant to file a bond in form and in a penal sum sufficient to protect the estate, and upon her failure to file such bond, order her removal.

The order in this action is
Reversed.

DEVIN, J., took no part in the consideration or decision of this case.