IN THE MATTER OF THE WILL OF MILLARD F. YORK, DECEASED.

(Filed 2 November, 1949.)

**1. Wills § 22—**

The burden is upon caveators to prove mental incapacity by the greater weight of the evidence, since the presumption is against them.

**2. Wills § 23b—**

It is reversible error to permit witnesses to testify that in their opinion testator had sufficient mental capacity to "make a will" on the date in question, but testimony of a nonexpert witness should be limited to his opinion as to whether testator had sufficient mental capacity to know what he was doing, what property he had and to whom he wished to give it, it being the province of the jury to decide upon the evidence whether testator had sufficient mental capacity to make the will.

APPEAL by caveators from *McSwain, Special Judge,* at January Term, 1949, of RANDOLPH.

The issue of *devisavit vel non* was answered by the jury in favor of the propounders.

In the course of the trial below, the propounders asked a number of witnesses offered by them, a question bearing on the mental capacity of Millard F. York to make a will, on the date of the instrument probated in common form, substantially as follows: "From your association with him and from what he said, do you have an opinion satisfactory to yourself *as to whether or not, on 29 July, 1946, he had mind sufficient to make a will?* A. Yes, sir. Q. What is your opinion? A. I think he had his right mind and was capable of making a will."

The caveators duly excepted to the admission of this evidence and appeal from the judgment entered on the verdict.

*J. A. Spence and J. L. Moody for propounders.*
*John G. Prevette and Bell & Horton for caveators.*

DENNY, J.   The law presumes that a testator possessed testamentary capacity, and those who allege otherwise have the burden of proving by the preponderance or greater weight of the evidence that he lacked such capacity. *In re Burns' Will,* 121 N.C. 336, 28 S.E. 519; *In re Cherry's Will,* 164 N.C. 363, 79 S.E. 288; *In re Craven's Will,* 169 N.C. 561, 86 S.E. 587; *In re Staub's Will,* 172 N.C. 138, 90 S.E. 119.   But it is improper for nonexpert witnesses to testify that in their opinion a testator did or did not have the mental capacity to make a will. *In re Will of Lomax,* 224 N.C. 459, 31 S.E. 2d 369; *S. c.,* 225 N.C. 592, 33 S.E. 2d 63; Page on Wills, 3rd Ed., Vol. 2, sec. 789.

It follows, therefore, that questions bearing on the issue of *devisavit vel non,* should be so framed as to inform the jury as to the mental condition of the testator at the time under consideration, but leaving it for the jury to decide from the evidence, upon a proper charge by the court, whether the testator did or did not have sufficient mental capacity to make the will.

A nonexpert witness may be permitted to testify from his own knowledge and observation that in his opinion a testator did or did not have sufficient mental capacity to know the natural objects of his bounty, to comprehend the kind and character of his property, to understand the nature and effect of his act, and to make a disposition of his property. Likewise, where a witness knew the testator, had conversations or business transactions with him, saw him, heard him talk and observed his conduct, such witness is competent to testify whether in his opinion the testator had the mental capacity to know what he was doing, what property he had and to whom he wished to give it. *Lawrence v. Steel,* 66 N.C. 584; *Bost v. Bost,* 87 N.C. 477; *Horah v. Knox,* 87 N.C. 483; *In re Rawlings' Will,* 170 N.C. 58, 86 S.E. 794; *In re Broach's Will,* 172 N.C. 520, 90 S.E. 681; *In re Will of Stocks,* 175 N.C. 224, 95 S.E. 360; *In re Will of Brown,* 194 N.C. 583, 140 S.E. 192; Page on Wills, 3rd Ed., Vol. 2, sec. 788; 57 Am. Jur., p. 81. But the opinions expressed by the witnesses in the trial below, to which the caveators excepted, do not fall within the permissible expression of opinion by nonexpert witnesses. *In re Will of Lomax, supra.*

The caveators are entitled to a new trial, and it is so ordered.

New trial.