## IN RE THE WILL OF ROWENA M. SHUTE.

(Filed 14 January, 1960.)

**1. Wills §§ 2, 12—**

In order to make or revoke a will the testator must have mental capacity to comprehend the natural objects of his bounty, to understand the kind, nature and extent of his property, to know the manner in which he desires his act to take effect, and to realize the effect his act would have upon his estate, and the lack of any one of these elements of testamentary capacity renders the testator incapable of making or revoking his will.

**2. Wills § 25—**

An instruction which, by the use of the conjunctive "and," has the effect of placing the burden upon propounders to prove that at the time testatrix tore the paper writings she did not possess each and every one of the essential elements of mental capacity to revoke the instrument, must be *held* for prejudicial error.

**3. Appeal and Error § 42—**

Conflicting instructions on the burden of proof, one erroneous and the other correct, must be *held* prejudicial, since it cannot be determined which instruction the jury followed.

APPEAL by Pickett King, propounder, from *Johnston, J.,* February, 1959 Mixed Term, of UNION.

Petition was filed 7 December 1957 to propound in solemn form paper writings purporting to be the last will and testament of Rowena M. Shute, who died 1 January 1957. The petitioner is Mrs. Maude S. Squires, a beneficiary under the purported will. There are twelve respondents. Pickett King, respondent, answered, admitted the allegations of the petition and made himself a propounder. Mrs. Juanita Gordon, respondent, filed answer in the nature of a caveat to the purported will. By leave of court, Mrs. Ed. Ballenberger, respondent, adopted the answer of Mrs. Gordon.

The petition alleges in substance that Rowena M. Shute executed a valid holograph will and delivered it to another for safe keeping, thereafter she partially mutilated the will by tearing, she lacked mental capacity to revoke the will at the time she mutilated it, and the pieces have been preserved and are the last will and testament of Rowena M. Shute.

The caveat denies the material allegations of the petition and alleges that testator had capacity to revoke and did revoke the purported will.

At the trial in Superior Court issues were submitted to the jury and answered as follows:

"1. Were the paper writings offered for probate as the last will and testament of Rowena M. Shute written entirely in her handwriting, subscribed by her and deposited by her for safekeeping in the manner required by law? Answer: Yes.

"2. If so, did the said Rowena M. Shute, at the time of the tearing of said paper writings, have sufficient mental capacity to revoke her will? Answer: Yes.

"3. Are the said paper writings offered for probate, and every part of both, the last will and testament of Rowena M. Shute? Answer: No."

From judgment declaring that the paper writings are not the last will and testament of Rowena M. Shute, Pickett King, propounder, appealed and assigned errors.

*M. T. Leatherman, C. E. Leatherman, Harvey A. Jonas, Jr., and Brock Barkley for appellant.*

*O. L. Richardson and A. A. Reaves for Caveators, appellees.*

Moore, J. Propounder assigned as error the following portion of the judge's charge to jury:

"Now, members of the jury, the Court instructs you that if the propounders have satisfied you by the greater weight of the evidence, the burden being upon the propounders to so satisfy you that at the time the paper writings were torn there at the hospital, in the presence of Rowena M. Shute and Mr. Day, that she didn't have sufficient mental capacity to revoke her will, that is that she didn't possess mind sufficient to understand without prompting what she was engaged in, *and* the kind and extent of her property, *and* the natural objects of her bounty, *and* the manner in which she desired the disposition of her property to take effect, *and* the effect which the disposition of her property would have upon her estate, then it would be your duty to answer this second issue NO." (Emphasis ours.)

Propounder's position is well taken. The court placed on the propounders the excessive burden of showing that testator was lacking in *all* of the elements of mental capacity essential to the revocation of a will. To establish mental incapacity for revoking a will, it is sufficient to negative only one of the essential elements. *In re Will of Kemp*, 234 N.C. 495, 499, 67 S.E. 2d 672 (wherein *In re Will of Efird,* 195 N.C. 76, 141 S.E. 460, is distinguished).

"One lacking testamentary capacity is not competent to revoke a

prior will. The same degree of mental capacity is necessary to revoke a will as to make one." 57 Am. Jur., Wills, sec. 458, p. 322.

A person has sufficient mental capacity to make a will or to revoke a prior will if he (1) comprehends the natural objects of his bounty, (2) understands the kind, nature and extent of his property, (3) knows the manner in which he desires his act to take effect, and (4) realizes the effect his act will have upon his estate. *In re Will of Tatum,* 233 N.C. 723, 727, 65 S.E. 2d 351; *In re Will of York,* 231 N.C. 70, 71, 55 S.E. 2d 791; *In re Rawlings' Will,* 170 N.C. 58, 63, 86 S.E. 794.

If all the elements of testamentary capacity are essential to make or revoke a will, obviously the lack of any one of them renders the testator incapable of performing such act. The vice of the challenged instruction is the connecting of the stated elements by the conjunction "and," for thereby the court declares to the jury that propounders must show the lack of all of the essentials of testamentary capacity in order to prevail on the second issue.

It is true that the court, elsewhere in the charge, properly instructed the jury as to the essential elements of testamentary capacity, that is, capacity to make or revoke a will. But this does not nullify the prejudical effect of the erroneous instruction. Where instructions in regard to a material matter are conflicting, one erroneous and the other correct, a new trial must be granted, for the jury is not supposed to know which one is correct and this Court cannot say that they did not follow the erroneous instruction. *Morgan v. Oil Co.,* 238 N.C. 185, 196, 77 S.E. 2d 682.

New trial.