IN THE MATTER OF THE WILL OF CLAUDE E. JONES, DECEASED.

(Filed 13 April, 1966.)

**1. Wills § 18—**

The fact that questions asked a witness in regard to the mental capacity of testator refer to the time testator disposed of his property "by will" rather than referring to the time testator executed the paper writing probated in common form, while inexact, does not warrant a new trial when it appears that no prejudice resulted therefrom.

**2. Same—**

The striking of unresponsive answers of caveator to the effect that testator did not know anything about the making or signing of the paper writing caveated, made in response to interrogatories relating to the mental capacity of testator at the time of the execution of the paper writing, *held* not error.

**3. Same—**

It is not necessary for counsel to compress into a single question every element of approved factual tests of testamentary capacity, or lack of it, nor is it required that a witness include all of these elements in response, and general answers of witnesses to the effect that in their opinion testator was of sound mind or knew what he was doing with his property are competent.

**4. Same—**

A testamentary instrument executed by testator a short time prior to the execution of the paper writing caveated is properly admitted in evi-

dence on the question of testamentary capacity, the two instruments being substantially identical except that in the second instrument testator substituted a bequest to a beneficiary in lieu of property which testator had sold in the interim.

**5. Wills § 22—**

A charge stating conjunctively the tests of testamentary capacity in placing the burden of proof on caveator will not be held for prejudicial error when the court immediately and consistently thereafter instructs the jury to answer the issue in the negative if caveator had established by the greater weight of the evidence the lack of any single element of mental capacity, it appearing that the jury could not have been misled.

**6. Appeal and Error § 42—**

When the charge read contextually presents the law of the case to the jury in such manner as to leave no reason to believe the jury could have been misled, an exception thereto will not be sustained.

MOORE, J., not sitting.

APPEAL by caveator from *Lupton, J.,* November 15, 1965, Civil Session of FORSYTH.

This is a caveat proceeding instituted in the Superior Court of Forsyth County on 22 April 1965 by the widow, the second wife, of Claude E. Jones. The decedent was survived by his widow and by two sons and a daughter by a prior marriage. The purported will of Claude E. Jones, dated 24 April 1959, and a purported codicil thereto dated 22 December 1961, were admitted to probate on 28 June 1962 in common form in the office of the Clerk of Superior Court in Forsyth County, and letters testamentary were issued to the sons of the decedent.

The caveat alleges that the purported will and the codicil thereto are not the last will and testament of Claude E. Jones; that they were procured by undue influence, duress and fraud; that at the time these paper writings were purportedly executed the decedent lacked the testamentary capacity to make and execute a will; and that said paper writings were not executed and witnessed as required by law.

The decedent, according to the uncontradicted evidence, was a successful business man who had accumulated a sizeable estate as an officer and manager of a construction company; that he worked regularly and was active in the management of the business of the construction company until stricken with a heart attack on 22 March 1962, culminating in his death about two months later.

Likewise, there was uncontradicted evidence to the effect that decedent had executed a number of wills during his lifetime; that the codicil was executed the day after the decedent had sold his

interest in an apartment house which he had devised in his will to his daughter. The codicil added a bequest of stock to his daughter. A will executed by decedent on 3 December 1958 was admitted as evidence, which will was substantially the same as the purported will executed on 24 April 1959, except that the latter instrument omitted the devise to his widow, the caveator, of a vacant lot on Robin Hood Road and added a bequest of 400 shares of the capital stock of the Atlantic Greyhound Corporation to her.

At the trial the only evidence offered by the caveator was her own testimony and that of the executors, the two sons of the decedent. Some of the evidence of the caveator was favorable to the propounders, in that she testified that on 24 April 1959 the decedent knew what property he owned and the natural objects of his bounty. Most of her testimony, however, was contradictory and unresponsive to the questions propounded. Much of it was incompetent and was excluded upon objections by the propounders. Thirteen witnesses, including the sons of the decedent, the decedent's brother who was not a beneficiary, the decedent's physician of several years, business associates, social acquaintances, and others testified on behalf of the propounders. At the close of the evidence and the charge of the court the jury answered the issues submitted as follows:

"1. Was the paper writing dated April 24, 1959, offered for probate as the last Will and Testament of Claude E. Jones signed and executed according to law?

Answer: Yes.

"2. Did the said Claude E. Jones have sufficient mental capacity to make and execute a Will on April 24, 1959, and at the time of execution of the paper writing offered for probate as his last Will and Testament?

Answer: Yes.

"3. Is the paper writing propounded, dated April 24, 1959, and every part thereof, the last Will and Testament of Claude E. Jones?

Answer: Yes.

"4. Was the paper writing offered for probate as the codicil to the Last Will and Testament of Claude E. Jones, dated December 22, 1961, signed and executed according to law?

Answer: Yes.

"5. Did the said Claude E. Jones have sufficient mental capacity to make and execute a Codicil to his Will on December 22, 1961, and at the time of the execution of the paper writ-

ing offered for probate as a Codicil to his last Will and Testament?

ANSWER: Yes.

"6. Is the paper writing propounded, dated December 22, 1961, and every part thereof, a Codicil to the last Will and Testament of Claude E. Jones, deceased?

ANSWER: Yes."

Judgment was entered on the verdict and the caveator appeals, assigning error.

*White, Crumpler, Powell, Pfefferkorn and Green for Caveator Appellant.*

*John R. Surratt for Propounders-Appellees.*

DENNY, E.J. The caveator's first assignment of error is to the following question propounded to Dwight S. Jones, one of the sons of the decedent and one of the executors of his will: "From your association and conversation with Mr. Claude E. Jones, did you form an opinion satisfactory to yourself as to whether or not Mr. Claude E. Jones, on April 24 of 1959, the date he executed his will, had sufficient mental capacity to know and understand the nature and extent of his property, to know who were the natural objects of his bounty, and to realize the full force and effect of the disposition of his property by will?" This same question was propounded to this witness with respect to the mental condition of the decedent on 22 December 1961, the date the decedent executed the codicil to his will. The witness testified that he did have an opinion and that he felt the testator knew what he was doing.

It is clear, we think, the object of these questions was to establish the mental condition of the decedent on 24 April 1959 and on 22 December 1961. Moreover, there can be no question about the fact that the instruments dated 24 April 1959 and 22 December 1961 were the instruments under attack in this proceeding. This Court has held that where the execution of a will has been formally proven and admitted in evidence, such instrument is *prima facie* the will of the decedent and the caveator is required to put on evidence to impeach it. *In Re Broach's Will,* 172 N.C. 520, 90 S.E. 681. Ordinarily, however, in a caveat proceeding the purported will or codicil should be referred to as the "purported will or codicil" or the "paper writing" until the jury renders its verdict. *In Re Will of Isley,* 263 N.C. 239, 139 S.E. 2d 243. It is difficult to conceive, however, how the caveator was prejudiced by the questions as posed. This assignment of error is overruled.

The appellant's second assignment of error is based on a number of exceptions to the exclusion of certain testimony of the caveator. Her counsel propounded a number of questions to the caveator of which the following are typical:

"Q. Did he know who the normal, natural persons were to receive his gifts, who the next of kin were, his relatives were, what his responsibilities were?

"Q. Do you have an opinion?

"A. Yes.

"Q. All right, what is your opinion?

"A. That he was confused and did not realize or did not know anything about this will."

Objection sustained and motion to strike allowed. Exception.

"Q. Mrs. Jones, you really don't know anything at all about the signing or the execution of the will on April 24, 1959, do you?

"A. Mr. Jones did not tell me. His will was made in '58. He had gone over it with me numbers of times. But as for this will being made up at the office, and this codicil, he didn't tell me anything about it, because he didn't know anything about it."

THE COURT: "Now, members of the jury, you will not consider that portion of the witness' testimony in which she says that Mr. C. E. Jones did not know anything about the making or signing of the will in '59 or the codicil in '61."

To this instruction the caveator excepted.

"Q. Now, Mrs. Jones, the question I am asking is referring again to the natural objects of his bounty, which definition I explained to you previously. * * * Did he know his children, his wife, and responsibilities, and so forth?

"A. Oh, yes, I think he did."

This witness testified that the decedent worked regularly through 22 December 1961, that he went to the office every day, or practically every day, but he was not as active in the work as he was at one time. We find no prejudicial error in the exclusion of evidence to which exceptions were taken under this assignment of error, and it is overruled.

The caveator assigns as error the refusal of the court to strike answers of witnesses testifying for the propounders, each of whom testified that he or she had an opinion as to whether or not the

testator had sufficient mental capacity to know and understand the nature and extent of his property, to know who were the natural objects of his bounty, and to realize the full force and effect of the disposition of his property by will. The answers to which exceptions were entered were as follows: (a) "My opinion is that he knew what he was doing with his property." (b) "He was of sound mind." (c) "He had a sound mind." (d) "He was extremely aware of all that was going on and had a very acute business acumen and intellect." (e) "I think he was fully competent. I think he realized exactly what he was doing."

It is not necessary for counsel to compress into a single question every element of approved factual tests of testamentary capacity or lack of it. Nor is it required that a witness include all these elements in the response. The above answers were clearly admissible. *In re Will of Tatum*, 233 N.C. 723, 65 S.E. 2d 351; *In re Will of York*, 231 N.C. 70, 55 S.E. 2d 791, and cited cases. This assignment of error is overruled.

The caveator assigns as error the admission in evidence of propounders' Exhibit No. 3, a will of Claude E. Jones dated 3 December 1958, for the limited purpose of showing the mental capacity of the testator. The instrument dated 3 December 1958 was executed less than six months prior to the execution of the purported will dated 24 April 1959. Moreover, the caveator all through her testimony insisted that her husband's will was the one executed in 1958. As heretofore pointed out in the statement of facts, there is no substantial difference in the instrument dated 3 December 1958 and the purported will dated 24 April 1959, except that after the execution of the prior instrument the testator and his wife sold the lot on Robin Hood Road which had been devised to the caveator in the will dated 3 December 1958. Therefore, in the purported will executed on 24 April 1959 the decedent, in lieu of the property which had been sold, bequeathed to the caveator 400 shares of the capital stock of the Atlantic Greyhound Corporation. No other material change was made in the instrument executed on 24 April 1959.

In the case of *In re Will of Franks*, 231 N.C. 252, 56 S.E. 2d 668, the caveators challenged the admission of testimony by an attorney who had prepared a will for the testator in 1937 and redrafted the instrument at the request of the testator in 1940, making certain minor changes therein, none of which, according to the testimony, affected or in any way changed the devise under attack. This Court held the evidence was admissible on the issue of mental capacity and undue influence. In the instant case, however, there is no evi-

dence of undue influence and no issue was submitted in respect thereto.

We hold that the introduction of the previously executed will, which the caveator contended in her testimony was a valid will executed by the decedent, was not prejudicial, and this assignment of error is overruled.

The caveator assigns as error the following portion of the charge:

"* * * rests upon the caveator to satisfy you, the jury, by the greater weight of the evidence that at the time the said Claude E. Jones signed and executed the paper writing on April 24, 1959, that has been offered in evidence as Propounders' Exhibit No. 1, that he was incapable by reason of his mental incapacity to know and comprehend the nature, character and extent of his property, who were the natural objects of his bounty, how he was disposing of his property, the effect such disposition would have upon his estate."

The above instruction was followed immediately by the following:

"Now, members of the jury, later in my discussion of this issue I will tell you, or go into more detail as to what the caveator must establish.

Now this, * * * has been expressed in a different way. A person has sufficient mental capacity to make a will if he comprehends the natural objects of his bounty, understands the kind, nature, and extent of his property, knows the manner in which he desires his act to take effect, and realizes the effect his act will have upon his estate. Now, * * * the lack of any one of those elements would render the testator incapable under the law of making a will."

The court further instructed the jury on issue No. 2 that the burden of proof was upon the caveator and:

"* * * if the caveator has satisfied you from the evidence and by its greater weight that on April 24, 1959, Claude E. Jones signed and executed the paper writing which has been introduced in evidence as Propounders' Exhibit No. 1 as for his will and at the time he signed this paper writing he did not comprehend the natural objects of his bounty, or he did not understand the kind, nature, and extent of his property, or he did not know the manner in which he desired his act to take effect, or he did not realize the effect his act would have upon

his estate, then you will have found that Claude E. Jones did not have the mental capacity to make and execute his will, and it would be your duty to answer issue No. 2 'No.'"

A similar instruction was given on issue No. 5 with respect to the codicil.

In our opinion the jury was not misled by the instruction given in respect to the burden of proof on issues Nos. 2 and 5, for that, as pointed out above, immediately after giving the instruction upon which this assignment of error is based, the court charged the jury with respect to the elements necessary to show mental capacity to make a will and then added, "the lack of any one of those elements would render the testator incapable under the law to make a will." The court then on each of the issues Nos. 2 and 5 gave the proper instruction as to what the caveator must prove to negative testamentary capacity and recited the elements involved with the word "or" between each of the elements.

In the opinion in *In re Kemp's Will*, 234 N.C. 495, 67 S.E. 2d 672, the trial judge placed the burden on caveators to show all the essential elements of testamentary capacity. The trial court then stated the requirements for mental capacity in a proper form, which this Court said would have justified a holding to the effect that the improper statement was harmless upon a contextual interpretation of the charge except for the fact that after giving the correct instruction the trial court twice repeated the erroneous instruction.

In our opinion, when the charge of the court in the trial below is considered contextually it presented the law of the case to the jury in such manner as to leave no reason to believe the jury could have been misled. Strong's N. C. Index, Appeal and Error, § 42, citing *Newton v. McGowan*, 256 N.C. 421, 124 S.E. 2d 142; *Gathings v. Sehorn*, 255 N.C. 503, 121 S.E. 2d 873, and scores of other cases. See also *In re Will of Efird*, 195 N.C. 76, 141 S.E. 460.

An examination of the remaining assignments of error, in our opinion, presents no prejudicial error that would justify a new trial, and they are overruled.

In the trial below we find

No error.

MOORE, J., not sitting.