IN THE MATTER OF THE WILL OF CALVIN H. BUCK

No. COA97-1013

(Filed 4 August 1998)

### 1. Wills— caveat proceeding—testamentary capacity

The trial court did not err by allowing the propounder's motion for a judgment NOV on the issue of testamentary capacity in a caveat to a will where the caveator presented only general testimony concerning testatator's deteriorating physical health

---

IN RE WILL OF BUCK

[130 N.C. App. 408 (1998)]

and mental confusion in the months preceding the execution of the will.

## 2. Wills— caveat—undue influence

The trial court erred in a caveat proceeding by granting propounder's motion for a judgment NOV on the issue of undue influence where the evidence was sufficient to support the jury's verdict when viewed in the light most favorable to the caveator and encompassing several of the factors from In re Andrews, 299 N.C. 52, despite extensive evidence presented by propounders.

## 3. Wills— caveat—jury verdict—sufficiency of evidence

The trial court did not abuse its discretion in a caveat proceeding by ruling that the jury's verdict was contrary to the greater weight of the evidence and granting a new trial under N.C.G.S. § 1A-1, Rule 59(a)(7). Although the caveator's evidence was legally sufficient to take the issue to the jury by Rule 50 standards, an order granting judgment notwithstanding the verdict and an order granting a new trial for insufficiency of the evidence to justify the verdict present different questions and standards of review.

Appeal by caveator from judgment entered 14 February 1997 by Judge Howard E. Manning, Jr., in Gates County Superior Court. Heard in the Court of Appeals 18 May 1998.

*Baker, Jenkins, Jones & Daly, P.A., by Bruce L. Daughtry and Ronald G. Baker, and Roger A. Askew for propounder-appellees.*

*Abbott, Mullen, Brumsey & Small, P.L.L.C, by H. T. Mullen, Jr.; H. Spencer Barrow; and George B. Currin for caveator-appellant.*

MARTIN, John C., Judge.

Calvin H. Buck died on 23 December 1995, survived by his daughter, Sandra Buck Jordan, and four sons, Kenneth Buck, Mallory Buck, Ronald Gene Buck and Joseph Buck. On 4 January 1996, Mallory Buck presented for probate a paper writing purporting to be the last will and testament of Calvin H. Buck. The paper writing, dated 13 November 1995, named Mallory Buck as executor and divided testator's estate equally among three of his four sons, Mallory Buck, Kenneth Buck and Ronald Gene Buck. No provision was made for Joseph Buck or for Sandra Buck Jordan.

IN RE WILL OF BUCK

[130 N.C. App. 408 (1998)]

On 8 January 1996, Sandra Buck Jordan filed a caveat to the will, alleging that the testator had lacked testamentary capacity and that the will had been procured by undue influence upon the testator by Kenneth Buck, Mallory Buck and Ronald Gene Buck. A jury returned a verdict in favor of caveator, finding that testator had lacked sufficient mental capacity to execute the purported will and that the purported will had been procured by undue influence and was therefore invalid. Propounders moved for judgment notwithstanding the verdict and for a new trial. The trial court granted judgment notwithstanding the verdict, ordering the paper writing to be admitted to probate in solemn form, and conditionally allowed the motion for a new trial. Caveator appeals.

In her brief, caveator presents two questions for our review, neither of which contains any reference to the assignments of error pertinent thereto as required by N.C.R. App. P. 28(b)(5). The assignments of error contained in the record on appeal could, therefore, be deemed abandoned and the appeal dismissed. N.C.R. App. P. 28(b)(5); *Hines v. Arnold*, 103 N.C. App. 31, 404 S.E.2d 179 (1991); *State v. Shelton*, 53 N.C. App. 632, 281 S.E.2d 684 (1981), *appeal dismissed and disc. review denied*, 305 N.C. 306, 290 S.E.2d 707 (1982). In our discretion, however, we will suspend the requirements of the rule in this case and consider appellant's arguments. N.C.R. App. P. 2.

I.

[1] By her first argument, which presents the second assignment of error contained in the record on appeal, caveator contends the court erred in allowing propounder's argument for judgment notwithstanding the verdict on the issues of testamentary capacity and undue influence. A judgment notwithstanding the verdict is essentially a directed verdict granted after the jury verdict. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 329 S.E.2d 333 (1985). The standard of review of a trial court's ruling upon a motion for judgment notwithstanding the verdict is the same as that upon a motion for a directed verdict, *Smith v. Price*, 315 N.C. 523, 340 S.E.2d 408 (1986); both motions test the legal sufficiency of the evidence to present an issue for the jury and to support a verdict for the non-moving party. *Hines v. Arnold, supra.* The evidence is to be considered in the light most favorable to the nonmovants, giving them the benefit of all reasonable inferences, and resolving all contradictions and conflicts in the evidence in their favor. *In re Andrews*, 299 N.C. 52, 261 S.E.2d 198 (1980).

**IN RE WILL OF BUCK**

[130 N.C. App. 408 (1998)]

In a caveat proceeding, the burden is on the propounder of the will to establish that the paper writing offered as the testator's last will and testament was executed according to law. *In re Coley*, 53 N.C. App. 318, 280 S.E.2d 770 (1981). If the propounder shows the will to have been properly executed according to the formalities required, the burden shifts to the caveator to prove that the testator lacked testamentary capacity or that the execution of the will was procured by undue influence. *Id; Andrews, supra.* In this case, the proper execution of the will was not at issue.

In granting the motion for judgment notwithstanding the verdict, the trial court entered a lengthy "Memorandum of Decision and Order" in which it summarized the conflicting evidence offered during the trial of this action in which forty-six witnesses were called by the parties. In concluding the caveator had offered insufficient evidence that testator lacked testamentary capacity, the court noted opinion testimony of expert medical witnesses, as well as lay witnesses, on the issue. Because we are required, in reviewing the trial court's ruling on propounder's motion for judgment notwithstanding the verdict, to consider the evidence in the light most favorable to caveator, we need only recite evidence which tends to support her claims that testator lacked testamentary capacity and that the will was procured by undue influence.

Such evidence tended to show that on 27 March 1989 testator executed a will which left some land to his son Mallory, his home-place to two of his grandchildren, and the bulk of his property to his daughter, Sandra Jordan. In 1990, he executed a codicil in which he provided that his home-place would go to his son, Ronald Gene. Beginning in October 1994, testator suffered a decline in physical and mental health, including a "ministroke" in October 1994 and a stroke in May 1995, both requiring hospitalization. There was evidence that, following these incidents, there were periods when testator seemed confused, childlike and not like himself. At times, testator was not aware of certain things, such as the identity of former presidents; was forgetful and was unable to remember short lists of items designed to test his short-term memory; became angry and emotional over inconsequential matters and would cry; and often gave conflicting instructions. Caveator testified that during one conversation with her, testator did not remember that he owned a mobile home from which he received rent. He was unable to care for himself. On two occasions, he made inappropriate sexual advances to his live-in caretaker, Ophelia Bell. He told Ms. Bell

IN RE WILL OF BUCK

[130 N.C. App. 408 (1998)]

that he had made certain transfers of his property to his children although he had not done so.

After a family meeting on 4 November 1995, at which testator, caveator and Kenneth Buck quarreled over financial matters, Kenneth Buck contacted attorney Charles Moore and made an appointment for testator to meet with him. On 9 November, testator, accompanied by Kenneth Buck, Mallory Buck and Ronald Gene Buck, was driven to Mr. Moore's office. The three sons were present with testator when he told Mr. Moore that he wished to make a new will, leaving nothing to caveator and leaving his entire estate to be divided among the three sons. Mr. Moore testified that all three sons spoke up during the meeting, interjecting to caveator's statements remarks such as: "Don't you mean this" or "don't you mean that." He also told Mr. Moore to prepare a new power of attorney naming Ronald Gene Buck as his attorney-in-fact; caveator had previously held her father's power of attorney. On 13 November 1995, testator was again driven to Mr. Moore's office, accompanied by Mallory, Ronald Gene, Kenneth, and their wives, where he signed the will and power of attorney. There was evidence tending to show that caveator was never permitted to be alone with testator after the 4 November family meeting until his death; on each occasion when caveator visited with her father, one of her brothers or sisters-in-law was present.

While we have recited, in the light most favorable to caveator, only the evidence tending to support her claims, we quickly acknowledge the sharply conflicting evidence offered by propounders. However, it is neither our function, nor that of the trial court, to weigh the evidence when considering the motion for judgment notwithstanding the verdict.

A.

A testator has testamentary capacity if he comprehends the natural objects of his bounty; understands the kind, nature and extent of his property; knows the manner in which he desires his act to take effect; and realizes the effect his act will have upon his estate. *In re Will of Shute*, 251 N.C. 697, 111 S.E.2d 851 (1960). "Where the issue is the mental capacity of the (testator) at the time of making the will, evidence of incapacity within a reasonable time before and after is relevant and admissible insofar as it tends to show mental condition at the time of execution of the will." *Coley*, at 324, 280 S.E.2d at 774. The law presumes every person has sufficient capacity to make a

valid will, and those contesting the will have the burden of proving otherwise.

There was ample evidence in the present case indicative of testator's declining mental and physical health in the months preceding his execution of the proffered will. However, in order to establish a lack of testamentary capacity, it is necessary to present specific evidence relating to testator's understanding of his property, to whom he wished to give it, and the effect of his act in making a will at the time the will was made. *In re Will of York*, 231 N.C. 70, 55 S.E.2d 791 (1949); *Coley, supra*. In the present case, caveator presented only general testimony concerning testator's deteriorating physical health and mental confusion in the months preceding the execution of the will, upon which her witnesses based their opinions as to his mental capacity. However, her evidence, while showing testator's weakened physical and mental condition in general, did not negate his testamentary capacity at the time he made the will, i.e., his knowledge of his property, to whom he was giving it, and the effect of his act in making a will. Therefore, caveator's evidence was insufficient to make out a *prima facie* case of lack of testamentary capacity and the trial court did not err by granting propounders' motion for judgment notwithstanding the verdict on the issue of testamentary capacity.

B.

[2] Undue influence is more than mere persuasion, because a person may be influenced to do an act which is nevertheless his voluntary action. *Coley, supra*. Undue influence is the " 'substitution of the mind of the person exercising the influence for the mind of the testator, causing him to make a will which he otherwise would not have made.' " *In re Will of Kemp*, 234 N.C. 495, 498, 67 S.E.2d 672, 674 (1951) (quoting *In re Will of Turnage*, 208 N.C. 130, 179 S.E. 332 (1935)). Proof of the exercise of such undue influence is, by its nature, difficult and must ordinarily be done by evidence of surrounding facts and circumstances, which standing alone would have little importance, but when taken together would permit the inference that, at the time the testator executed his last will and testament, his own wishes and free will had been overcome by another. *Andrews, supra; In re Dunn*, 129 N.C. App. 643, 500 S.E.2d 99 (1998). To take the case to the jury, the caveator must present sufficient evidence to make out a *prima facie* case that the will was procured by undue influence.

IN RE WILL OF BUCK

[130 N.C. App. 408 (1998)]

(I)f caveator ha(d) sufficient evidence of undue influence so that a jury could (if it believed (her) evidence and (her) version of the facts) find for the caveator, then the motion for a directed verdict should be denied and the case sent to the jury so that *it* can resolve the disputed issue of fact (emphasis original) (citation omitted).

*In re Andrews* at 63, 261 S.E.2d at 204.

Although there can be no precise test to determine the existence of undue influence, our courts have recognized a number of factors relevant to the issue, which include:

1. Old age and physical and mental weakness.

2. That the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision.

3. That others have little or no opportunity to see him.

4. That the will is different from and revokes a prior will.

5. That it is made in favor of one with whom there are no ties of blood.

6. That it disinherits the natural objects of his bounty.

7. That the beneficiary has procured its execution.

*Id.* at 55, 261 S.E.2d at 200 (citation omitted).

We believe the evidence in this case, when viewed in the light most favorable to the caveator, is sufficient to support the jury's verdict that Calvin Buck's 13 November 1995 will was procured by undue influence. We reach this result despite the extensive evidence presented by propounders tending to suggest that the will was not procured by undue influence; the evidence presented by caveator was sufficient to withstand the jury's verdict. Caveator presented evidence that testator was seventy-nine (79) years old and in such failing physical and mental health that he could no longer take care of himself due to blindness, partial paralysis and heart disease. Although testator lived alone, Kenneth, Mallory and Ronald Gene Buck were his primary caretakers during the two weeks preceding his execution of the will; they or their wives were in his home daily from the time Kenneth terminated Ms. Bell's services on 29 October 1995 until the will was signed. Conversely, caveator was not permit-

**IN RE WILL OF BUCK**

[130 N.C. App. 408 (1998)]

ted to be alone with testator after 4 November, during the period when propounders made arrangements for him to confer with Mr. Moore about making a new will. Propounders, who were the only beneficiaries in the new will, were present at, and took part in, testator's conference with the attorney; they and their wives were also present when testator returned to the attorney's office to execute the will. The 1995 will was dramatically different from testator's previous will and codicil.

The foregoing combination of circumstances, considered in the light most favorable to caveator and encompassing several of the factors enumerated in *Andrews*, is sufficient to support a jury finding that Calvin Buck's 13 November 1995 will was procured by an overpowering influence exerted on Calvin Buck by Mallory Buck, Ronald Gene Buck and Kenneth Buck, such that he made a disposition of his property which he would not otherwise have made. Therefore, propounders' motion for judgment notwithstanding the verdict on the issue of undue influence should have been denied.

## II.

**[3]** By the only other assignment of error brought forward in her brief, caveator contends the trial court erred in conditionally allowing propounders' alternative motion for a new trial. G.S. § 1A-1, Rule 50(b) permits a party who moves for judgment notwithstanding the verdict to move, in the alternative, for a new trial. Rule 50(c)(1) further provides:

> If the motion for judgment notwithstanding the verdict, provided for in section (b) of this rule, is granted, the court shall also rule on the motion for new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated. Or reversed, and shall specify the grounds for granting or denying the new trial. If the motion for new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate division has otherwise ordered . . . .

N.C. Gen. Stat. § 1A-1, Rule 50(c)(1) (1990). "When a motion for judgment notwithstanding the verdict is joined with a motion for a new trial, it is the duty of the trial court to rule on both." *Bryant v. Nationwide Mut. Fire Ins. Co.* at 379, 329 S.E.2d at 343.

IN RE WILL OF BUCK

[130 N.C. App. 408 (1998)]

In its order, the trial court granted, in its discretion, propounders' alternative motion for a new trial as to the issues of testamentary capacity, undue influence, and *devisavit vel non*, stating "the jury's verdict was contrary to the weight of the credible evidence." Inasmuch as we have affirmed judgment notwithstanding the verdict as to the issue of testamentary capacity, the order granting a new trial as to that issue is moot. However, we must review the order granting a new trial as to the issue of undue influence and *devisavit vel non*.

In *Summey v. Cauthen*, 283 N.C. 640, 197 S.E.2d 549 (1973), and *Dickinson v. Pake*, 284 N.C. 576, 201 S.E.2d 897 (1974), our Supreme Court reversed orders granting judgment notwithstanding the verdict and, in addition, vacated orders of the trial courts which conditionally granted new trials based upon the insufficiency of the evidence to justify the verdict. In those cases, the Court apparently applied a legal standard of review, stating in essence that since the evidence was sufficient to go to the jury, the trial court had erred in awarding a new trial due to the insufficiency of the evidence to justify the verdict. Though neither *Summey* nor *Dickinson* has been expressly overruled on the point, the Court has more recently pointed out that review of an order granting judgment notwithstanding the verdict and an order granting a new trial for insufficiency of the evidence to justify the verdict present different questions and standards of review.

In *Bryant v. Nationwide, supra*, the Court stated that the question of the sufficiency of the evidence to withstand a Rule 50 motion for directed verdict or judgment notwithstanding the verdict raises an issue of law, while a motion for a new trial pursuant to Rule 59 is addressed to the discretion of the trial court. Rule 59(a)(7) authorizes the trial court to grant a new trial for the "insufficiency of the evidence to justify the verdict . . . ." The term "insufficiency of the evidence" has been held by our Supreme Court to include the reason that the verdict "was against the greater weight of the evidence." *Nationwide Mut. Ins. Co. v. Chantos*, 298 N.C. 246, 251, 258 S.E.2d 334, 338 (1979). The trial court is vested with discretionary authority to appraise the evidence and to "order a new trial whenever in his opinion the verdict is contrary to the greater weight of the credible testimony." *Britt v. Allen*, 291 N.C. 630, 634, 231 S.E.2d 607, 611 (1977) (quoting *Roberts v. Hill*, 240 N.C 373, 380, 82 S.E.2d 373, 380 (1954)). The trial court's ruling granting or denying a new trial may not be overturned "unless the record affirmatively demonstrates a manifest abuse of discretion." *Bryant v. Nationwide Mut. Fire Ins.*

*Co.* at 380, 329 S.E.2d at 343, (quoting *Worthington v. Bynum,* 305 N.C. 478, 290 S.E.2d 599 (1982)).

Following the principles stated in *Bryant v. Nationwide,* we have carefully considered the record in this case and the trial court's painstaking appraisal of the evidence. Though we have determined that caveator's evidence on the issue of undue influence, when considered by Rule 50 standards, was legally sufficient to take the issue to the jury, we cannot say the trial court manifestly abused its discretion in its discretionary ruling that the jury's verdict was contrary to the greater weight of all of the evidence in the case. Therefore, we will not disturb the order granting a new trial on the issues of undue influence and *devisavit vel non.*

In summary, entry of judgment notwithstanding the verdict as to the issue of testamentary capacity is affirmed, entry of judgment notwithstanding the verdict as to the issue of undue influence is reversed, and this case is remanded to the Superior Court of Gates County for a new trial in accordance with the trial court's order granting a new trial as to the issues of undue influence and *devisavit vel non.*

Affirmed in part, reversed in part, and remanded.

Judges LEWIS and SMITH concur.